**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SEBASTIAN L. ECCLESTON,

    Defendant - Appellant.

No. 96-2272
(D.C. No. CR-95-14-LH)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **EBEL** and **LUCERO**, Circuit Judges.

Sebastian Eccleston pled guilty to carjacking in violation of 18 U.S.C. § 2119(1), using and carrying a sawed-off shotgun in relation to carjacking in violation of 18 U.S.C. § 924(c), interference with commerce by threat or violence against the victim in violation of 18 U.S.C. § 1951(a), and carrying a sawed-off shotgun in relation to interference with commerce in violation of 18 U.S.C. § 924(c). He was also charged as an accomplice under 18 U.S.C. § 2 in all the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counts to which he pled. The district court imposed a sentence of 57 months for carjacking and interference with commerce, to run concurrently; the mandatory 120 months for the first § 924(c) offense; and the mandatory 240 months for the second § 924(c) offense, for a total of 417 months in prison. Eccleston appeals, arguing that, because he was convicted as an accomplice, both sentences imposed pursuant to § 924(c) were improper. We affirm.

**I**

On December 15, 1994, Sebastian Eccleston and Ronald Martinez approached a vehicle in an Albuquerque, New Mexico motel parking lot. Martinez pointed a sawed-off shotgun at the driver's head and ordered him to get out of the car. As the victim exited the car, he saw Eccleston pointing a gun at him. The victim took cover and Eccleston and Martinez drove away in the vehicle.

Roughly half an hour later, Eccleston and Martinez robbed two individuals in the parking lot of another motel. According to the victims, Eccleston pointed a handgun at the female victim, took her purse, and then pointed his gun at the male victim and demanded his wallet. The victims saw Martinez standing near the vehicle with a sawed-off shotgun and heard him chamber a round. Eccleston and Martinez drove away in the stolen car.

Shortly thereafter, the Albuquerque police and the county sheriff's office were informed of the crimes. The stolen car was spotted and a high-speed chase ensued. Eccleston and Martinez lost control of the car, struck another vehicle, and then fled on foot. Martinez was apprehended and the shotgun was recovered. Eccleston was arrested at a later date; his weapon was not recovered.

## II

Eccleston contends that the "active employment" requirement enunciated in Bailey v. United States, 116 S. Ct. 501, 505 (1995), requires a reversal of his sentence. He argues that the district court erred in imposing the mandatory ten-year sentence pursuant to 18 U.S.C. § 924(c) for using or carrying a sawed-off shotgun in relation to a crime of violence because, as an accomplice, he did not actively employ the shotgun.[1] The application of the sentencing provisions of § 924(c) is a question of law that we review de novo. See United States v. Deal, 954 F.2d 262, 262-63 (5th Cir. 1992), aff'd, 508 U.S. 129 (1993).

---

[1]Section 924(c)(1) states:

Whoever, during and in relation to any crime of violence . . . for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence . . ., be sentenced to imprisonment for five years, and if the firearm is a . . . short-barreled shotgun . . ., to imprisonment for ten years. . . . In the case of his second or subsequent conviction under this subsection, such person shall be sentenced to imprisonment for twenty years.

There is no support in the case law for Eccleston's contention that, as an accomplice, he is not subject to liability under § 924(c). This circuit has impliedly found that § 924(c) liability is applicable to accomplices. See United States v. Spring, 80 F.3d 1450, 1464-66 (10th Cir.) (reversing conviction on one count of aiding and abetting in violation of § 924(c) based on erroneous jury instructions but affirming on two other counts of aiding and abetting under § 924(c)), cert. denied, 117 S. Ct. 385 (1996). Bailey cannot be read to prevent an accomplice from being convicted and sentenced under § 924(c).

In Bailey, the Supreme Court held that "use" in § 924(c)(1) requires "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." 116 S. Ct. at 505. The Court explained that "'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Id. at 508. The decision in Bailey did not purport to alter our understanding of accomplice liability. Thus, we reiterate the well-established precept that 18 U.S.C. § 2 does not create an independent crime; rather, it serves to abolish the common law distinction between principal and accessory. See United States v. Smith, 838 F.2d 436, 441 (10th Cir. 1988); 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a

principal."). This conclusion is supported by the case law of several of our sister circuits. See United States v. Willis, 89 F.3d 1371, 1377-79 (8th Cir.) (upholding § 924(c) convictions under accomplice liability theory), cert. denied, 117 S. Ct. 273 (1996); United States v. Sullivan, 85 F.3d 743, 747-48 (1st Cir. 1996) (holding that jury properly could have found defendant guilty of § 924(c) as an accomplice); United States v. Price, 76 F.3d 526, 529 (3d Cir. 1996) (rejecting defendant's argument that he could not be convicted under § 924(c) based on aiding and abetting theory).[2]

Additionally, we note that Eccleston entered guilty pleas to both counts charging violations of 18 U.S.C. §§ 924(c) and 2, and has not sought to withdraw those guilty pleas, which were supported by ample evidence.

## III

Eccleston's second argument on appeal is that the district court erroneously imposed the mandatory twenty-year sentence for the second conviction under 18 U.S.C. § 924(c). In Deal v. United States, 508 U.S. 129, 132 (1993), the Supreme Court held that the mandatory twenty-year sentence for the second or subsequent conviction under 18 U.S.C. § 924(c) may be imposed even though the first

---

[2]Eccleston attempts to distinguish these cases on the ground that they involved defendants who were unarmed. Because he was armed with his own gun, Eccleston claims that he cannot be convicted of aiding and abetting Martinez's use of the shotgun. No cases are cited to support this proposition which, if accepted, would lead to the bizarre result that armed accomplices would receive lighter sentences than unarmed ones.

sentence has not become final. Thus, the enhanced sentence may be applied to a second conviction which arises from the same prosecution as the first. See United States v. Abreu, 997 F.2d 825, 826 (10th Cir. 1993) (en banc) (affirming enhanced sentences in light of Deal). Eccleston, in an argument devoid of support in either law or logic, contends that the holding in Deal does not apply to him because he was convicted as an accessory, rather than as a principal. This argument does not comport with the theory of accomplice liability, see 18 U.S.C. § 2 (stating that whoever aids or abets in the commission of an offense is punishable as a principal), or with the language of Deal, see 508 U.S. at 136 (the penal goals of § 924(c) include "taking repeat offenders off the streets for especially long periods, or simply visiting society's retribution upon repeat offenders more severely"). We will not disturb the enhanced sentence imposed by the district court.

AFFIRM.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge