FILED
United States Court of Appeals
Tenth Circuit

**March 31, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Respondent - Appellee,

    v.

SEBASTIAN ECCLESTON,

        Petitioner - Appellant.

No. 07-2123

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. NO. CIV-04-250 LH/CG)**

---

Brian A. Pori, Inocente, P.C., Albuquerque, New Mexico, for Defendant/Movant - Appellant.

Kyle T. Naybak, Assistant United States Attorney, (Larry Gómez, Acting United States Attorney, and Robert D. Kimball, Assistant United States Attorney, on the brief), Office of the United States Attorney, Albuquerque, New Mexico, for Plaintiff/Respondent - Appellee.

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

**HARTZ**, Circuit Judge.

---

      Sebastian L. Eccleston appeals the decision by the United States District

Court for the District of New Mexico denying relief on his pro se habeas

application under 28 U.S.C. § 2241.  Mr. Eccleston is in the custody of the New Mexico Corrections Department, serving a state sentence for first-degree murder and conspiracy to commit first-degree murder committed on December 13, 1994. He has also been sentenced in federal court for offenses committed two days later:  carjacking, *see* 18 U.S.C. § 2119(1); carrying a firearm during a crime of violence, *see id*. § 924(c); and violating the Hobbs Act, *see id*. § 1951(a) (interference with commerce by threat or violence).  He seeks to serve his state and federal sentences concurrently in a federal facility and to have his prior time in state custody credited to his federal sentence.  The district court dismissed the § 2241 application without prejudice on the ground that Mr. Eccleston had failed to exhaust his administrative remedies with the federal Bureau of Prisons (BOP). We set aside that dismissal and remand with instructions to dismiss Mr. Eccleston's § 2241 application with prejudice, because the application fails to raise any viable claim.

## I.     BACKGROUND

### A.     Sentencing in State and Federal Courts

Mr. Eccleston pleaded guilty in federal and state court on the same day, May 3, 1996.  The federal government did not promise, either in the draft of the negotiated plea agreement or in the final plea agreement, that Mr. Eccleston's federal sentence would run concurrently with the state sentence, nor did it

promise where he would serve his sentences.  During plea negotiations the United

States Attorney's Office wrote Mr. Eccleston's counsel:

> No one can guarantee what sentence [the federal district court] would
> give under the GUIDELINES and no one can guarantee when your
> client would be transferred to the [BOP] if he received a concurrent
> sentence, but this offer would give him the chance to litigate the
> question of whether his federal and state sentences would be
> consecutive or concurrent.

Aplee. Supp. App. at 108.  The plea agreement signed by Mr. Eccleston

disclaimed any agreement to a specific sentence, stating, "There have been no

representations or promises from anyone as to what sentence the court will

impose." *Id*. at 24.  When asked at the federal plea hearing whether his guilty plea

had been induced by any promises or assurances other than what was contained in

the plea agreement, Mr. Eccleston responded, "No, Your Honor."  *Id*. at 31.

During the sentencing hearing on October 29, 1996, Mr. Eccleston's lawyer did

not mention concurrent sentencing or any concern about where Mr. Eccleston

would serve his federal or state sentence.  The district court imposed a sentence

of 417 months in prison, to be followed by three years of supervised release.  The

sentence made no reference to any state sentence.

Mr. Eccleston pleaded guilty in state court a few hours after pleading in

federal court.  The state plea agreement provided that Mr. Eccleston's state term

of imprisonment would run concurrently with any federal term.  On November 7,

1996, the state court sentenced Mr. Eccleston to life imprisonment, plus nine

years.  The sentence provided that it would "run . . . concurrent[ly] with [the] Federal Prison Sentence defendant is now serving."  Aplt. App. at 28.

### B.    Postconviction Proceedings

Mr. Eccleston appealed his federal sentence on the ground that the district court had erred in imposing 10-year and 20-year sentences under § 924(c).  We affirmed in *United States v. Eccleston*, 132 F.3d 43 (10th Cir. 1997) (unpublished table decision).  On May 4, 2001, Mr. Eccleston filed a pro se motion for relief under 28 U.S.C. § 2255, claiming that his counsel had been ineffective because he had induced Mr. Eccleston to plead guilty based on the "false and inaccurate promise" that Mr. Eccleston would serve the sentence in federal custody.  Aplee. Supp. App. at 71.  The district court denied the motion as time-barred, and he did not attempt to appeal.

On March 5, 2004, Mr. Eccleston filed a second § 2255 motion.  The district court transferred the motion to this court as a motion for authorization to file a second-or-successive § 2255 motion.  *See* 28 U.S.C. §§ 1631 (authority to transfer), 2255 (requiring court of appeals order authorizing second-or-successive motion).  On October 17, 2005, we vacated the transfer order and remanded to the district court with instructions to treat the motion as an application for habeas relief under 28 U.S.C. § 2241.  The following month counsel entered an appearance for Mr. Eccleston in district court and contended that he should be

-4-

committed to a federal rather than a state institution and that his prior service in a state institution should be credited to his federal sentence.

Meanwhile, Mr. Eccleston had initiated communications with the BOP regarding his sentences. On September 21, 2003, he wrote the BOP, asking whether his federal sentence was being served concurrently with his state sentence. He then contacted the BOP's South Central Regional Office, which informed him on May 13, 2004, that he was not in the custody of the BOP, that he had not provided a copy of the federal judgment and commitment order necessary to determine the status of his federal sentence, and that the BOP lacked authority to order a state to transfer an inmate into federal custody.

Also, the state district attorney, in response to a state-court habeas proceeding brought by Mr. Eccleston, sought to resolve Mr. Eccleston's concurrent-sentence claim by means of BOP Program Statement 5160.05 (the BOP Statement), which establishes procedures for a state to request the BOP to designate a state institution as the place to serve a federal sentence concurrently with a state sentence.[1] The district attorney asked the United States Attorney to

---

[1]BOP Program Statement 5160.05(9)(b)(5) states:

**State Request.** Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.

(a)    The [Regional Inmate Systems Administrator] will gather and review all information pertaining to the federal and state sentences. After reviewing this
(continued...)

consent to a request by the district attorney and Mr. Eccleston's state counsel for

the BOP to designate the New Mexico Department of Corrections for the

concurrent service of Mr. Eccleston's state and federal sentences and to give him

retroactive credit on his federal sentence for time served in state custody since the

imposition of his federal sentence.  The U.S. Attorney's Office drafted letters to

the court and the BOP consenting to the request, although the draft letter to the

court stated that Mr. Eccleston would terminate his state and federal habeas

proceedings if the BOP granted the request.  In response, Mr. Eccleston's counsel

said that Mr. Eccleston preferred to seek judicial relief first.

The district court issued an order on April 3, 2007, dismissing as untimely

Mr. Eccleston's request to be placed in BOP custody.  *See Dulworth v. Evans*, 442

F.3d 1265, 1267–68 (10th Cir. 2006) (28 U.S.C. § 2244(d)(1)'s one-year

limitation period applies to § 2241 applications challenging administrative

---

[1](...continued)
information carefully, if necessary, the RISA will correspond with the federal
sentencing court to ascertain whether it has any objections to the federal and state
sentences running concurrently.  A courtesy copy of this correspondence will be
forwarded to the appropriate U.S. Attorney. . . .

(b)      If the court has no objections, the state institution may be designated
as the place to serve the federal sentence concurrently with the state sentence,
according to the procedures detailed in this Program Statement.

**Note:**      The Bureau will not, under ordinary circumstances, such as
overcrowding in a state institution, accept transfer of the
inmate into federal custody for concurrent service.

Aplee. Supp. App. at 94.

decisions).  The court then conducted a hearing on April 23 on the concurrent-sentence issue.  At the hearing Mr. Eccleston's counsel indicated that he was prepared to execute the proposed agreement if the agreement was without prejudice to his claim that he should serve his sentences in a federal facility.  He explained:

> The only reason we haven't [executed an agreement under the BOP procedure] before this was the understanding between [the Assistant U.S. Attorney] and myself that, if Mr. Eccleston pursued this remedy of simply concurrent sentences, he would not be entitled to pursue the other remedy which he believed was promised to him both in the state and federal proceedings, namely, that the federal judge would designate the [BOP] for service of sentence, and would designate a particular BOP facility for the service of both the state and federal sentence.

Aplee. Supp. App. at 125–26.  After the hearing the court denied without prejudice the concurrent-sentence claim, concluding that Mr. Eccleston had not exhausted his available administrative remedies with the BOP.

## II.    DISCUSSION

To determine what is before us, we must start with our prior decision in this case.  Mr. Eccleston initially filed a pleading captioned as "Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  *Id*. at 64.  The district court treated it as a second-or-successive § 2255 motion and transferred it to this court to determine whether to authorize the district court to consider the motion.  We vacated the transfer and instructed the district court to consider it as an application under § 2241.

-7-

Our prior decision implicitly resolved two matters central to this case. First, we have jurisdiction. Although the presence of jurisdiction is not clear from the record now before us, that question is answered by the law of this case. Second, because we decided that Mr. Eccleston was proceeding under § 2241 rather than § 2255, the sole substantive issue before us is whether his federal sentence has been properly executed, which is the province of § 2241 proceedings. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). A challenge to the propriety of the federal conviction or sentence itself—such as whether Mr. Eccleston was misled when he pleaded guilty or whether the sentence violated the plea bargain—must proceed under § 2255, not § 2241, *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997), and could have been brought promptly after sentencing.

Turning, then, to Mr. Eccleston's § 2241 claim, we review legal issues de novo, *see Weekes v. Fleming*, 301 F.3d 1175, 1176–77 (10th Cir. 2002), and factual findings for clear error, *see Martinez v. Flowers*, 164 F.3d 1257, 1258 (10th Cir. 1998). The district court dismissed the application for failure to exhaust administrative remedies. But a court may deny an application on the merits without reviewing the exhaustion question. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). That is how we proceed here.

We hold that Mr. Eccleston's § 2241 application fails to raise any viable claim. Mr. Eccleston asserts that he is entitled to serve his sentence in the

custody of the BOP and that his federal and state sentences must be served concurrently. Yet nothing in his federal sentence suggests that it is to be served before or concurrently with any state sentence or that he is to serve his sentences in federal custody. Although Mr. Eccleston's state sentence provides for concurrent service of the federal and state sentences, the state court's decision cannot alter the federal-court sentence. As we stated in *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991), the determination of whether a defendant's "federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction."

We also reject Mr. Eccleston's contention that 18 U.S.C. § 3584(a) requires concurrent service of his federal and state sentences. Section 3584(a) states:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. *Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively.* Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

(emphasis added). Even if we construe this provision as applying when one of the sentences was imposed by a state court, *but see Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (§ 3584(a) does not apply when state sentence imposed

after imposition of federal sentence), the presumption of concurrent sentences affects only sentences "imposed at the same time," which was not the case with respect to Mr. Eccleston's federal and state sentences. Because Mr. Eccleston's federal sentence does not "affirmatively order" concurrent service of his federal and state sentences, it has not been executed unlawfully.

The dissent suggests that we should have allowed Mr. Eccleston to pursue administrative relief before ruling, because our determination of the merits of Mr. Eccleston's claim will prejudice his pursuit of relief under the BOP Statement. We see no legitimate ground for concern. The relevant "Program Objective[]" of the BOP Statement is that "[s]tate institutions will be designated for concurrent service of a federal sentence when it is *consistent with* the intent of the federal sentencing court or with the goals of the criminal justice system." BOP Statement at ¶ 3(a). Our decision today does not preclude relief on that basis. All we decide today is that the imposition of consecutive sentences does not violate Mr. Eccleston's federal sentence. We do not hold that consecutive sentences were required, and we have no occasion to decide whether concurrent sentences are consistent with the federal sentence. Moreover, even if the BOP would be less inclined to grant relief because we have ruled that there has been no violation of Mr. Eccleston's federal sentence, we do not think that Mr. Eccleston has a legitimate interest in our refraining from that ruling on the chance that the BOP would view the law differently, and, in our view, incorrectly. As we stated

in *Montez* in explaining why we were proceeding to resolve the merits rather than abating the appeal to permit exhaustion of state remedies, Mr. Eccleston's § 2241 application raises "no credible federal . . . claim." 208 F.3d at 866. Finally, we note that because we address Mr. Eccleston's claim on the merits, we have no need to address whether a prisoner making such a claim must exhaust remedies under the BOP Statement before obtaining relief under § 2241.

## III.   CONCLUSION

We VACATE the district court's dismissal without prejudice and REMAND with instructions to dismiss Mr. Eccleston's § 2241 application with prejudice.  Our decision, however, is without prejudice to Mr. Eccleston's seeking discretionary relief under BOP Program Statement 5160.05.

United States v. Eccleston, No. 07-2123

**LUCERO**, J., dissenting:

Because I do not agree that this case satisfies the requirements for merits adjudication under Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000), I must respectfully dissent. I would review only the issue decided by the district court—whether Eccleston successfully exhausted his administrative remedies prior to bringing this 28 U.S.C. § 2241 petition—and would affirm.

## I

I agree with the district court's holding that Eccleston has not yet exhausted his administrative remedies. See Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). As demonstrated by the record, Eccleston inquired of the South Central Regional Office ("SCRO") of the BOP whether he is receiving credit for his federal sentence concurrently with his state sentence. In response, SCRO advised Eccleston that "[i]n order for this office to consider your request for your federal and state sentence to run concurrent, . . . you should forward a copy of your federal and state judgment to this office for review." Eccleston contends that he has since complied with this request, but explains that he has not received a decision to date. Until a final decision has issued or pursuit of administrative remedies has become futile, his claim remains unexhausted. Wilson v. Jones, 430 F.3d 1113, 1118 (10th Cir. 2005).

As we held in Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006), the one-year limitation period under § 2244(d)(1) applies to challenges to the

execution of a sentence under § 2241.  However, when "a petitioner timely and diligently exhausts his administrative remedies, [the] one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final."  Id.  It follows that by dismissing Eccleston's current petition without prejudice for failure to exhaust, the district court left the door open for the future filing of a petition challenging the BOP's ultimate determination.  I would not disturb that ruling.

## II

### A

In Montez, we held that "a federal court may deny on the merits an unexhausted § 2241 petition" where that petition raises "no credible federal . . . claim."  208 F.3d at 866.   The petitioner in Montez sought relief from repeated transfers between prison facilities in different states.  Even if Montez had exhausted his state claims, there was no state remedy available to him, because no provision of state law prohibited his transfer between facilities.  Id. at 865-66.  Thus there was no possibility that the actions of the state courts upon exhaustion might have affected the federal legal questions at issue.  Accordingly, as I read our decision in Montez, it allows consideration of an unexhausted claim only where exhaustion could have no impact on the merits of that claim.

In this case, Eccleston seeks relief in the form of an order that his state and federal sentences be served concurrently.  Exhaustion of Eccleston's

-2-

administrative remedies would allow the Bureau of Prisons ("BOP") to contact

Eccleston's federal sentencing court and request clarification of its sentencing

order. That court's response might indeed affect our view of the merits of

Eccleston's current federal claim.

The majority concludes that Eccleston's federal legal claim for concurrent

sentences under 18 U.S.C. § 3584(a) is clearly meritless. "[B]ecause Mr.

Eccleston's federal sentence does not 'affirmatively order' concurrent service of

his federal and state sentences, it has not been executed unlawfully." Maj. Op. at

11. This conclusion apparently rests on United States v. Williams, 46 F.3d 57

(10th Cir. 1995), in which we held that "[t]he plain meaning of [§ 3584(a)] is that

multiple terms of imprisonment imposed at different times will normally run

consecutively, unless the district court affirmatively orders that the terms be

served concurrently." Id. at 59. But we have not decided whether a later

statement from the federal sentencing court might give rise to an exception to the

general rule articulated in Williams.

BOP Program Statement 5160.05 provides that BOP Regional Directors

may "designate a state institution for concurrent service of a federal sentence"

when "consistent with the intent of the federal sentencing court or the goals of the

criminal justice system." BOP Program Statement 5160.05 § 8. The sentencing

court's intent can be ascertained in several ways, including explicit imposition of

a concurrent sentence, id. § 9(b)(1), an inmate's request for a nunc pro tunc

designation, id. § 9(b)(4), or a state's request that the sentences be served concurrently, id. § 9(b)(5). When a state request is received, the Program Statement directs Regional Inmate Systems Administrators, "if necessary, [to] correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently." Id. § 9(b)(5)(a). In this case, the record indicates that Eccleston may succeed in obtaining a request for concurrent sentences from the state of New Mexico, and of course, he is also entitled to make his own request for a nunc pro tunc designation.

Williams does not address whether a district court's later statement of intent, given in response to a BOP request under the Program Statement, would constitute an "affirmative order," or otherwise give rise to an exception to the rule that sentences will "normally" run consecutively. Given the possibility that Eccleston's federal legal claim might not be clearly meritless after the completion of the BOP's administrative process, I would not decide the issue absent exhaustion of that process.

**B**

Because no state relief was available to the petitioner in Montez, review without exhaustion in that case did not threaten to alter or influence the as-yet-uncompleted state proceedings. See 208 F.3d at 865-66. In this case, however, an administrative remedy under the Program Statement may well be available to

-4-

Eccleston.  Although the majority purports to dismiss Eccleston's claims without prejudice to his ability to seek discretionary relief from the BOP, an appellate court decision which states that granting relief would be legally incorrect is surely prejudicial to any discretionary decision to the contrary.  <u>See</u> Maj. Op. at 12.

Our general policy of reviewing only exhausted claims is grounded in strong principles of judicial economy and respect for administrative agency deliberation.  <u>See, e.g.</u>, <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1156 (11th Cir. 2005) (listing seven policy reasons supporting administrative exhaustion requirements).  Because a decision on the merits would run contrary to these principles, I consider it inappropriate to review Eccleston's unexhausted petition.