**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEBASTIAN L. ECCLESTON,

Defendant - Appellant.

No. 13-2112
(D. New Mexico)
(D.C. No. 1:95-CR-00014-LH-2)

**ORDER**

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Sebastian Eccleston recently filed a motion for rehearing, which we have construed to be a petition for panel rehearing and rehearing en banc. *See* Fed. R. App. P. 40; Fed. R. App. P. 35(b). So construed, the petition was reviewed by the panel of judges originally assigned to this matter. To the extent Eccleston requests a panel rehearing, that request is denied. Further, the petition was sent to all of the judges of the court who are in regular active service. Because no member of the panel and no judge in regular active service requested that the court be polled, Eccleston's request for an en banc rehearing also is denied.

The panel has determined, however, that a factual correction should be made to the original decision. The correction can be found on page 2. The clerk is directed to file the

attached corrected Order & Judgment *nunc pro tunc* to the original filing date of November 25, 2013.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

November 25, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SEBASTIAN L. ECCLESTON,

Defendant - Appellant.

No. 13-2112
(D. New Mexico)
(D.C. No. 1:95-CR-00014-LH-2)

**ORDER AND JUDGMENT***

Before **HARTZ**, **GORSUCH**, and **PHILLIPS**, Circuit Judges.

Several years ago in New Mexico Sebastian Eccleston murdered 18-year-old Ricky Comingo. Two days later, he stole a car using a sawed-off shotgun and then robbed two people at gunpoint. After being arrested by state law-enforcement officers, Eccleston pleaded guilty in state court to first-degree murder and conspiracy to commit first-degree murder. He pleaded guilty in federal court to carjacking, using and carrying a sawed-off shotgun during and in relation to carjacking, interference with commerce by threat or violence, and carrying a sawed-off shotgun during and in relation to interference with commerce.

---

* The case is submitted on the briefs because the parties waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

The federal court sentenced Eccleston first. It gave him 120 months on the first firearm count and 240 months on the second, to run consecutively, and then 57 months on the two remaining counts, running concurrently with each other but consecutive to the firearm counts for a total of 417 months. At the sentencing hearing, the district court adopted the probation officer's presentence report (PSR), which recited the fact that Eccleston's state plea agreement contained a provision that his state term of imprisonment would run concurrently with any federal term. However, the district court did not state at the sentencing hearing whether Eccleston's federal sentence would run concurrently with or consecutively to his yet-to-be-imposed state sentence. The district court's written judgment was similarly silent on that score.

After Eccleston's federal sentencing, the state court sentenced him to life in prison plus nine years. Because New Mexico was the first to take Eccleston into custody following his arrest, it had primary jurisdiction over him. *See Weekes v. Fleming*, 301 F.3d 1175, 1180 (10th Cir. 2002) (explaining the primary-jurisdiction doctrine). As a result, Eccleston was placed in state custody and began serving his state sentence before his federal sentence.

Several years later, Eccleston filed a habeas petition in federal district court under 28 U.S.C. § 2241, arguing that his federal sentence was not being properly executed. Although Eccleston's federal and state sentences were running consecutively, he believed he was entitled to serve those sentences concurrently in a federal facility with his time in state custody credited against his federal sentence. On appeal, we remanded the case to the district court with instructions to dismiss Eccleston's petition with prejudice because

it failed to raise any viable claim. *United States v. Eccleston*, 521 F.3d 1249, 1251 (10th Cir. 2008).

Eccleston then attempted to achieve the same result—having his state time credited against his federal sentence—via a different road. To that end he filed a motion under Federal Rule of Criminal Procedure 36 asking the district court to amend its written judgment to make his federal sentence concurrent with his state sentence. Rule 36 provides, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The district court denied Eccleston's motion.

Now on appeal, Eccleston claims the district court erred in doing so. His argument starts with the following premise: If a district court intended a defendant's federal sentence to run concurrently with a later-imposed state sentence but its written judgment omitted any statement to that effect, then the district court may correct that omission under Rule 36. Here, although the written judgment is silent on how Eccleston's federal and state sentences would run, Eccleston says the district court intended the sentences to run concurrently. To prove it, he points to the district court's adoption of the PSR, which allegedly stated that his sentences would run concurrently. As a result, Eccleston believes the district court should have granted his Rule 36 motion and corrected its written judgment to reflect its intent to run his federal and state sentences concurrently.

We are not persuaded, however, that the district court's adoption of the PSR proves so much. The PSR did not say that Eccleston's federal and state sentences would run

concurrently; it merely recited the fact that Eccleston's state plea agreement included a provision that his state sentence would run concurrently with his federal sentence. *See Eccleston*, 521 F.3d at 1251 ("The state plea agreement provided that Mr. Eccleston's state term of imprisonment would run concurrently with any federal term."). To say the district court adopted that recitation in the PSR doesn't say very much. Was the district court merely acknowledging the existence of a provision in Eccleston's state plea agreement or using that provision to inform its decision on how to run Eccleston's federal and state sentences? The answers to those questions are not readily apparent to us. In other words, we think the district court's adoption of the PSR sheds little light on whether the district court intended to run Eccleston's sentences concurrently or consecutively.

Two other facts, however, do shed considerable light on the subject and persuade us that the district court intended Eccleston's federal sentence to run consecutively to his state sentence. First, the record contains a quotation from a letter the district court wrote to the Bureau of Prisons stating, "[i]t was my intent at sentencing that the federal sentence be served consecutively to [Eccleston's] state sentence and this remains my position." R. at 199. Second, when the district court sentenced Eccleston, the law in this circuit was that multiple terms of imprisonment imposed at different times were consecutive unless the district court ordered otherwise. *See United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). Presumably aware of *Williams*, the district court knew that its silence meant Eccleston's sentences would run consecutively.

Because the district court intended Eccleston's federal sentence to run consecutively to his state sentence, it understandably rejected Eccleston's request to amend the written

judgment to make those sentences concurrent. In short, the district court denied Eccleston's motion to amend because there was no error or omission to amend. We don't see anything wrong with that. We therefore affirm the district court's order denying Eccleston's Rule 36 motion. We grant Eccleston's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Gregory A. Phillips
Circuit Judge