**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SEBASTIAN L. ECCLESTON,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 20-2043
(D.C. No. 1:19-CV-00538-RB-CG)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Sebastian Eccleston, a federal prisoner appearing pro se, appeals from

the district court's dismissal of his 28 U.S.C. § 2241 application for federal habeas relief.

Exercising jurisdiction pursuant to 28 U.S.C. §1291, we affirm the dismissal, albeit on

different grounds than the district court.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

I

On May 3, 1996, Eccleston pleaded guilty in the United States District Court for the District of New Mexico to carjacking, in violation of 18 U.S.C. § 2119(1), carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and violating the Hobbs Act, in violation of 18 U.S.C. § 1951(a). All three of those convictions arose out of crimes committed by Eccleston on December 15, 1994.

A few hours after pleading guilty in federal district court, Eccleston pleaded guilty in New Mexico state court to first-degree murder and conspiracy to commit first-degree murder. Those two convictions arose out of crimes committed by Eccleston on December 13, 1994.

The federal plea agreement was silent with respect to whether the federal and state sentences imposed on Eccleston would run consecutively or concurrently. The state plea agreement, in contrast, expressly provided that Eccleston's state sentence would run concurrently with any federal term.

Eccleston was sentenced in federal court on October 29, 1996. During that hearing, Eccleston's lawyer made no mention of concurrent sentencing or about where Eccleston would serve his federal or state sentence. The federal district court imposed a sentence of 417 months in prison, to be followed by three years of supervised release. The sentence made no reference to any state sentence.

On November 7, 1996, Eccleston was sentenced in New Mexico state court to life imprisonment, plus nine years. The sentence expressly stated that it would run

concurrently with Eccleston's federal sentence. Eccleston remained in state custody and began serving his state sentence.

Eccleston unsuccessfully appealed his federal sentence on the ground that, because he was only convicted as an accomplice, the federal district court erred in imposing sentences under § 924(c). *See United States v. Eccleston*, 132 F.3d 43 (10th Cir. 1997) (unpublished table decision).

In May 2001, Eccleston filed a pro se motion for relief under 28 U.S.C. § 2255, claiming that his counsel had been ineffective because he had induced Eccleston to plead guilty based on what Eccleston alleged was a false and inaccurate promise that Eccleston would serve his federal sentence in federal custody. The federal district court denied the motion as time-barred. Eccleston did not appeal that ruling.

In March 2004, Mr. Eccleston filed a second § 2255 motion. The district court construed the motion as seeking authorization to file a second-or-successive § 2255 motion and transferred it to this court. In October 2005, this court vacated the transfer order and remanded to the district court with instructions to treat the motion as an application for habeas relief under 28 U.S.C. § 2241. Thereafter, counsel entered an appearance for Eccleston in federal district court and contended that he should be committed to a federal rather than a state institution and that his prior service in a state institution should be credited to his federal sentence.

Eccleston also filed a state habeas proceeding raising the concurrent sentence issue. The state district attorney, in response, sought to resolve the issue by way of the

3

Federal Bureau of Prisons' (BOP's) Program Statement 5160.05 (the BOP Statement), which establishes procedures for a state to request the BOP to designate a state institution as the place to serve a federal sentence concurrently with a state sentence. In reliance on the BOP Statement, the state district attorney asked the United States Attorney to consent to a request by the state district attorney and Eccleston's state counsel for the BOP to designate the New Mexico Department of Corrections for the concurrent service of Eccleston's state and federal sentences and to give him retroactive credit on his federal sentence for time served in state custody since the imposition of his federal sentence. The United States Attorney's Office drafted letters to the court and the BOP consenting to the request and stating that Eccleston would terminate his state and federal habeas proceedings if the BOP granted the request. Eccleston's counsel submitted a response stating that Eccleston preferred to seek judicial relief before relying on the administrative procedures suggested by the state district attorney and the United States Attorney's Office.

In April 2007, the federal district court overseeing Eccleston's § 2241 petition dismissed as untimely Eccleston's request to be placed in BOP custody. The court then conducted a hearing on the concurrent sentence issue. Eccleston's counsel stated during the hearing that Eccleston was prepared to execute the proposed agreement with the United States Attorney's Office and the BOP if the agreement was without prejudice to his claim that he should serve his sentences in a federal facility. The court ultimately

4

denied the concurrent sentence claim without prejudice, concluding that Eccleston had

not exhausted his available administrative remedies with the BOP.

Eccleston appealed to this court and we affirmed the district court's ruling. In

doing so, we stated:

> We hold that Mr. Eccleston's § 2241 application fails to raise any viable
> claim. Mr. Eccleston asserts that he is entitled to serve his sentence in the
> custody of the BOP and that his federal and state sentences must be served
> concurrently. Yet nothing in his federal sentence suggests that it is to be
> served before or concurrently with any state sentence or that he is to serve
> his sentences in federal custody. Although Mr. Eccleston's state sentence
> provides for concurrent service of the federal and state sentences, the state
> court's decision cannot alter the federal-court sentence. As we stated in
> *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991), the
> determination of whether a defendant's "federal sentence would run
> consecutively to his state sentence is a federal matter which cannot be
> overridden by a state court provision for concurrent sentencing on a
> subsequently-obtained state conviction."
>
> We also reject Mr. Eccleston's contention that 18 U.S.C. § 3584(a) requires
> concurrent service of his federal and state sentences. Section 3584(a)
> states:
>
>> If multiple terms of imprisonment are imposed on a defendant
>> at the same time, or if a term of imprisonment is imposed on a
>> defendant who is already subject to an undischarged term of
>> imprisonment, the terms may run concurrently or
>> consecutively, except that the terms may not run
>> consecutively for an attempt and for another offense that was
>> the sole objective of the attempt. *Multiple terms of
>> imprisonment imposed at the same time run concurrently
>> unless the court orders or the statute mandates that the terms
>> are to run consecutively.* Multiple terms of imprisonment
>> imposed at different times run consecutively unless the court
>> orders that the terms are to run concurrently.
>
> (emphasis added). Even if we construe this provision as applying when one
> of the sentences was imposed by a state court, *but see Abdul–Malik v.*

*Hawk–Sawyer*, 403 F.3d 72, 75 (2d Cir. 2005) (§ 3584(a) does not apply when state sentence imposed after imposition of federal sentence), the presumption of concurrent sentences affects only sentences "imposed at the same time," which was not the case with respect to Mr. Eccleston's federal and state sentences. Because Mr. Eccleston's federal sentence does not "affirmatively order" concurrent service of his federal and state sentences, it has not been executed unlawfully.

*United States v. Eccleston*, 521 F.3d 1249, 1253-54 (10th Cir. 2008).

At some point after this court's 2008 decision, Eccleston was transferred to the custody of the BOP and is currently housed in a federal correctional facility in New Jersey. According to Eccleston, he received partial, but not full, credit against his federal sentence for the time he served in state custody. ROA, Vol. 1 at 7.

Between 2009 and 2014, Eccleston continued to seek post-conviction relief in federal district court and this court. All of those efforts were unsuccessful.

Of those unsuccessful efforts, we note one in particular. On January 30, 2012, Eccleston filed with the district court a petition seeking relief pursuant to Federal Rule of Criminal Procedure 36. Eccleston argued in that petition that because his federal presentence report documented the provision in his state plea agreement that stated that his state sentence would run concurrently with his federal sentence, and because the federal district court adopted the factual findings in the presentence report when it sentenced him, Rule 36 required the federal district court to correct its sentence and order that he receive credit on his federal sentence for the time he served in state custody. The district court denied Eccleston's petition and Eccleston appealed to this court. This court affirmed the district court's denial. In doing so, this court stated, in pertinent part:

6

We are not persuaded . . . that the district court's adoption of the PSR proves so much. The PSR did not say that Eccleston's federal and state sentences would run concurrently; it merely recited the fact that Eccleston's state plea agreement included a provision that his state sentence would run concurrently with his federal sentence. *See Eccleston*, 521 F.3d at 1251 ("The state plea agreement provided that Mr. Eccleston's state term of imprisonment would run concurrently with any federal term."). To say the district court adopted that recitation in the PSR doesn't say very much. Was the district court merely acknowledging the existence of a provision in Eccleston's state plea agreement or using that provision to inform its decision on how to run Eccleston's federal and state sentences? The answers to those questions are not readily apparent to us. In other words, we think the district court's adoption of the PSR sheds little light on whether the district court intended to run Eccleston's sentences concurrently or consecutively.

Two other facts, however, do shed considerable light on the subject and persuade us that the district court intended Eccleston's federal sentence to run consecutively to his state sentence. First, the record contains a quotation from a letter the district court wrote to the Bureau of Prisons stating, "[i]t was my intent at sentencing that the federal sentence be served consecutively to [Eccleston's] state sentence and this remains my position." R. at 199. Second, when the district court sentenced Eccleston, the law in this circuit was that multiple terms of imprisonment imposed at different times were consecutive unless the district court ordered otherwise. *See United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995). Presumably aware of *Williams*, the district court knew that its silence meant Eccleston's sentences would run consecutively.

Because the district court intended Eccleston's federal sentence to run consecutively to his state sentence, it understandably rejected Eccleston's request to amend the written judgment to make those sentences concurrent. In short, the district court denied Eccleston's motion to amend because there was no error or omission to amend. We don't see anything wrong with that.

*United States v. Eccleston*, 545 F. App'x 774, 776 (10th Cir. 2013).

7

## II

On June 11, 2019, Eccleston initiated these proceedings by filing a pro se pleading

entitled "Motion Seeking Equitable Relief." ROA, Vol. 1 at 3. The district court's

clerk's office docketed the case as a § 2241 habeas proceeding. In a supporting

memorandum, Eccleston asserted that he was seeking relief pursuant to Federal Rules of

Civil Procedure 7(b) and 60(b)(6), "the inherent equitable power of this Court to remedy

injustice," and "the equitable power conferred upon this Court under Section 11 of the

Judiciary Act of 1789." *Id.* at 6. Eccleston alleged in the supporting memorandum that,

although he received partial credit against his federal sentence for the time he served in

state custody, he "still faces serving almost a decade of prison time in Federal jail even

though he served every day of this part of his Federal Sentence in a New Mexico

penitentiary." *Id.* at 7. Eccleston sought entry of an order "credit[ing] against his Federal

Sentence all of the time [he] served in State Prison *nunc pro tunc* from the date (October

29, 1996) he was sentenced in Federal Court and explicitly committed to the custody of

the BOP and the U.S. Marshal." *Id.* at 8.

On February 27, 2020, the district court issued a memorandum opinion and order

denying Eccleston's motion. *Id.* at 76. The district court construed Eccleston's motion

as "seek[ing] to vacate his guilty plea and/or correct his federal carjacking sentences

so that they run concurrent with his state murder sentence." *Id.* at 78. The district court

in turn concluded that it could only modify Eccleston's sentence or judgment under the

specific circumstances outlined by Congress, that Eccleston "ha[d] already exhausted his

avenues for statutory relief by filing motions under every habeas statute . . . and 18 U.S.C. § 3582, and that, as a result, it "lack[ed] jurisdiction to 'resentence [Eccleston] based upon [any] desire to prevent a manifest injustice.'" *Id.* (quoting *United States v. Green*, 405 F.3d 1180, 1184 (10th Cir. 2005)). The district court also concluded that it was unable to afford Eccleston any relief under Federal Rule of Civil Procedure 60(b)(6). Ultimately, the district court dismissed the case without prejudice. Eccleston now appeals.

## III

As a threshold matter, we construe the motion that Eccleston filed with the district court as a § 2241 application for federal habeas relief.[1] Although the district court construed the motion as seeking to vacate Eccleston's guilty plea or to correct his sentence, we believe the motion is more properly construed as an application under § 2241. The motion effectively seeks to have the BOP credit Eccleston with all of the time that he served on his state sentence prior to being taken into federal custody. As we have explained, "[t]he principal purpose of a § 2241 application is to challenge the execution, rather than the validity, of a federal prisoner's sentence." *Hale v. Fox*, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016). This includes post-sentencing issues that "affect[]

---

[1] The district court, in its order of dismissal, also purported to deny Eccleston a certificate of appealability. A federal prisoner such as Eccleston, however, is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241. *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

the fact or duration of the prisoner's custody." *Id.* Even where, as here, a prisoner styles his sentence-execution challenge as something else, we construe it as a § 2241 application. *See*, *e.g.*, *United States v. Miller*, 594 F.3d 1240, 1241–42 (10th Cir. 2010).

We in turn conclude that Eccleston is not entitled to federal habeas relief under § 2241. As this court concluded in its 2013 decision, the record of Eccleston's federal criminal proceedings makes clear that the district court that sentenced Eccleston in 1996 intended for his federal sentence to run consecutively to any state sentence he received. That determination, in our view, effectively resolves Eccleston's current claim for relief.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

10