FILED
United States Court of Appeals
Tenth Circuit

February 23, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

EARL WILLIAM CAMBPELL, JR.,

     Petitioner-Appellant,

v.

KEVIN MILYARD, Warden,

     Respondent-Appellee.

No. 09-1307
(D.C. No. 09-cv-00375-ZLW)
(D. Colo.)

_____

ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

_____

In this action under 28 U.S.C. § 2241, the petitioner—a prisoner of the state of

Colorado—seeks a writ of habeas corpus to challenge the execution of his sentence. The

district court dismissed his petition, holding that it was barred by the one-year limitation

period in 28 U.S.C. § 2244(d), and denied a certificate of appealability ("COA"). On

appeal to this court, we granted a COA and ordered the respondent to rebut Mr.

_____

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Campbell's arguments that the limitation period should be equitably tolled. After considering Mr. Campbell's arguments and those of the respondent, we AFFIRM the district court and hold that Mr. Campbell's petition is time-barred.

## Background

Mr. Campbell is a prisoner of the state of Colorado. He filed the instant petition pro se on February 11, 2009. The petition alleges that, as a result of an administrative disciplinary action for an alleged prison rape, Mr. Campbell has been placed in administrative segregation and has been denied earned time credit and good time credit by the Colorado Department of Corrections ("CDOC"). He alleges that these actions have effectively lengthened his sentence, in violation of his right to due process under the Fourteenth Amendment to the United States Constitution. Notably, he does not challenge the validity of either his initial conviction or his sentence.

Mr. Campbell was found to have committed rape in violation of the CDOC's Code of Penal Discipline ("COPD") after a hearing on May 1, 2007. This administrative conviction was predicated in part on the testimony of confidential informants that did not appear at the hearing. He appealed that determination administratively, and his appeal was denied on May 18, 2007; he was served with a copy of this denial on May 21, 2007. He had a further hearing on whether he should be placed in administrative segregation on May 29, 2007; CDOC determined that he would be so placed, and his appeal of this decision was denied on June 29, 2007, and served on him on July 3, 2007. Mr. Campbell

2

never challenged any of these actions in the state courts of Colorado.[1]

The state of Colorado subsequently pursued criminal charges against Mr. Campbell for the alleged rape, in state criminal case 08CR20 in the District Court of Logan County. As part of the discovery in that action, Mr. Campbell claims that he received, in April 2008, evidence that the alleged rape never occurred. According to Mr. Campbell, this evidence includes "false reports, perjured testimony, the fact that no witness reliability assessment was ever done by [CDOC] or anyone else and the fact that there was no witness testimony presented to [CDOC] that accused or charged [petitioner] with any violation and contrary to the report, there were no confidential informants or victims." (Apl't Br. at 3-E.) The state criminal charges were evidently dropped before trial.

Mr. Campbell filed his habeas action on February 11, 2009. The district court ordered a response from the government, and then dismissed Mr. Campbell's petition on June 29, 2009. Mr. Campbell appealed, and we granted a COA limited to the question of whether the limitation period of § 2244(d) should be equitably tolled in this case.

---

[1] The government asserts that Mr. Campbell's failure to do so constitutes an alternative ground for affirming the district court's dismissal; namely, that Mr. Campbell failed to exhaust his state remedies. See Picard v. Connor, 404 U.S. 270, 275-76 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies."). We need not answer that question, however, as we hold here that Mr. Campbell's § 2241 petition was untimely under § 2244(d).

## Discussion

## I.    Standard of Review

In reviewing a district court's denial of a petition under 28 U.S.C. § 2241, "we review legal issues de novo, and factual findings for clear error." United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008) (citations omitted). We review the district court's decision not to equitably toll the time limitations of § 2244(d), however, for abuse of discretion. Woodward v. Williams, 263 F.3d 1135, 1142 (10th Cir. 2001).

## II.    Equitable Tolling of the Limitation Period of § 2244(d)

The timing requirements for obtaining federal habeas relief are set out in 28 U.S.C. § 2244(d)(1), which commands:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of :
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

Motions challenging the execution of a sentence under § 2241 are subject to the one-year limitation period and exceptions of § 2244(d). Eccleston, 521 U.S. at 1253.

Section 2244(d)'s limitation period is not jurisdictional, and may be equitably tolled by the court. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). "[E]quitable tolling requires a litigant to establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (citations and quotation marks omitted). And an inmate asserting equitable tolling "bears a strong burden to show specific facts" showing that he fulfills both elements of the test. Id. Because Mr. Campbell appears pro se, we must construe his arguments liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

It is undisputed that Mr. Campbell's petition—filed on February 11, 2009—came more than one year after his appeals of his prison offenses became final, at the latest on July 3, 2007. In his brief, Mr. Campbell suggested—and we ordered the respondent to brief—three grounds for equitably tolling § 2244(d)'s limitation period in his case: (1) that being placed in administrative segregation functioned as a state-created impediment to his seeking habeas relief; (2) that the evidence he discovered in the state-court rape prosecution constituted newly-discovered facts justifying tolling; and (3) that the limitation period should be tolled due to his colorable claim of factual innocence of the rape charge. We address each of those grounds in turn.

5

## A.    State-Created Impediment

We first dispose of Mr. Campbell's claim that being placed in administrative segregation by CDOC rendered him incapable of pursuing his § 2241 claim in a timely fashion.  Mr. Campbell argues that being placed in administrative segregation meant that he did not have access to the materials—pencils, paper, and access to legal research materials—necessary to prepare and file a timely habeas petition.

First, we note that CDOC regulations specifically provide that "pens or pencils may be loaned to general population offenders for use in the law library or in segregation pursuant to facility policy."  (R. Vol. 2 at 182, Admin. Reg. 750-01, Attach. G at 5. (emphasis added).)  Those regulations also provide for photocopying services extended to inmates on credit, and allow inmates in segregation to request materials from the prison law library.  Second, and more importantly, we note that Mr. Campbell appears to have still been in administrative segregation when he initially filed his petition on February 11, 2009.   Mr. Campbell does not indicate what changed between the expiration of his one-year limitation period and when he finally filed his petition; therefore, we hold that he has failed to carry the "strong burden" to establish that equitable tolling is appropriate on this rationale.

## B.    Newly-Discovered Facts

Next, Mr. Campbell argues that we should equitably toll § 2244(d)'s limitation period because he did not uncover the evidence underlying his habeas claims until April 2008, when he was granted discovery in the state criminal case against him.  We find,

6

however, that this claim is fatally flawed. In his habeas petition, Mr. Campbell complained of due process violations based on procedural irregularities at his COPD hearing, such as defects in his Notice of Charge, denial of his requests to call witnesses, violation of administrative regulations, and CDOC's failure to produce confidential informants. The material disclosed in state-court discovery, however, appears to pertain exclusively to Mr. Campbell's factual guilt or innocence of the rape charge, and not to any of the procedural problems cited by Mr. Campbell as reasons the federal habeas court should grant relief. Therefore, it appears that Mr. Campbell was in possession of all the facts relevant to his <u>due process claims</u> as of the denial of his administrative appeals of the rape charge and his placement into administrative segregation, even if he only later uncovered evidence of his <u>factual guilt or innocence</u> of the underlying charge.

Furthermore, even if the material disclosed in April 2008 were relevant to Mr. Campbell's habeas claims, we would still be faced with the fact that he waited almost ten months after receiving the information to file his habeas action, until February 2009. As noted above, in order for us to equitably toll the limitation period, we must be satisfied that Mr. Campbell has diligently pursued his rights. <u>See</u> <u>Yang</u>, 525 F.3d at 928. On this record, we cannot say that we are satisfied of Mr. Campbell's diligence.

For these two reasons, we decline to equitably toll the limitation period of § 2244(d) due to Mr. Campbell's newly-discovered information.

### C.     **Factual Innocence**

Finally, Mr. Campbell argues that the evidence of his factual innocence of the

prison rape should compel us to equitably toll the one-year limitation period. Factual, or actual, innocence is grounds for equitably tolling the limitation period of § 2244(d). Miller, 141 F.3d at 978. When a prisoner challenges a criminal conviction, in order to establish that he is actually innocent, he must "establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006). The respondent in this case points out that Mr. Campbell is not challenging a criminal conviction, but rather his administrative conviction for rape and CDOC's placing him in administrative segregation. The respondent urges us to evaluate his factual innocence under the lenient "some evidence" standard that we would apply to the direct review of a COPD conviction. See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.").

We agree with respondent on the burden of proof issue. The evidence that is actually contained in the record before us does not establish that Mr. Campbell is innocent of the rape, and does not convince us that CDOC would have not found that he committed the rape and imposed administrative segregation on him had it had the evidence described by Mr. Campbell before it. Despite being specifically asked to do so by the district court, Mr. Campbell has never produced or even identified what evidence he received that proves his factual innocence. We thus cannot equitably toll the limitation period of § 2244(d) on that basis.

Further, even if we were to take a kinder view of Mr. Campbell's claimed evidence of innocence, we would still be faced with the ten-month lapse of time noted supra, and would be equally skeptical that Mr. Campbell has diligently pursued his rights. Based on the record and Mr. Campbell's assertions, we have no difficulty concluding that, regardless of the standard applied, he has not presented us with evidence that he is factually innocent of the rape, and thus that the limitation period of § 2244(d) should be equitably tolled.

## **Conclusion**

For the foregoing reasons, we AFFIRM the district court's dismissal of Mr. Campbell's § 2254 petition as time-barred. We further DENY Mr. Campbell's motion for appointment of counsel.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

9