HARTZ, Circuit Judge.
Sebastian L. Eccleston appeals the decision by the United States District Court for the District of New Mexico denying relief on his pro se habeas application under 28 U.S.C. § 2241. Mr. Eccleston is in the custody of the New Mexico Corrections Department, serving a state sentence for first-degree murder and conspiracy to commit first-degree murder committed on December 13, 1994. He has also been sentenced in federal court for offenses committed two days later: carjacking, see 18 U.S.C. § 2119(1); carrying a firearm during a crime of violence, see id. § 924(c); and violating the Hobbs Act, see id. § 1951(a) (interference with commerce by *1251 threat or violence). He seeks to serve his state and federal sentences concurrently in a federal facility and to have his prior time in state custody credited to his federal sentence. The district court dismissed the § 2241 application without prejudice on the ground that Mr. Eccleston had failed to exhaust his administrative remedies with the federal Bureau of Prisons (BOP). We set aside that dismissal and remand with instructions to dismiss Mr. Eccleston’s § 2241 application with prejudice, because the application fails to raise any viable claim.
I. BACKGROUND
A. Sentencing in State and Federal Courts
Mr. Eccleston pleaded guilty in federal and state court on the same day, May 3, 1996. The federal government did not promise, either in the draft of the negotiated plea agreement or in the final plea agreement, that Mr. Eccleston’s federal sentence would run concurrently with the state sentence, nor did it promise where he would serve his sentences. During plea negotiations the United States Attorney’s Office wrote Mr. Eccleston’s counsel:
No one can guarantee what sentence [the federal district court] would give under the GUIDELINES and no one can guarantee when your client would be transferred to the [BOP] if he received a concurrent sentence, but this offer would give him the chance to litigate the question of whether his federal and state sentences would be consecutive or concurrent.
Aplee. Supp.App. at 108. The plea agreement signed by Mr. Eccleston disclaimed any agreement to a specific sentence, stating, “There have been no representations or promises from anyone as to what sentence the court will impose.” Id. at 24. When asked at the federal plea hearing whether his guilty plea had been induced by any promises or assurances other than what was contained in the plea agreement, Mr. Eccleston responded, “No, Your Hon- or.” Id. at 31. During the sentencing hearing on October 29, 1996, Mr. Eccleston’s lawyer did not mention concurrent sentencing or any concern about where Mr. Eccleston would serve his federal or state sentence. The district court imposed a sentence of 417 months in prison, to be followed by three years of supervised release. The sentence made no reference to any state sentence.
Mr. Eccleston pleaded guilty in state court a few hours after pleading in federal court. The state plea agreement provided that Mr. Eccleston’s state term of imprisonment would run concurrently with any federal term. On November 7, 1996, the state court sentenced Mr. Eccleston to life imprisonment, plus nine years. The sentence provided that it would “run ... concurrently] with [the] Federal Prison Sentence defendant is now serving.” Aplt. App. at 28.
B. Postconviction Proceedings
Mr. Eccleston appealed his federal sentence on the ground that the district court had erred in imposing 10-year and 20-year sentences under § 924(c). We affirmed in United States v. Eccleston, 132 F.3d 43 (10th Cir.1997) (unpublished table decision). On May 4, 2001, Mr. Eccleston filed a pro se motion for relief under 28 U.S.C. § 2255, claiming that his counsel had been ineffective because he had induced Mr. Eccleston to plead guilty based on the “false and inaccurate promise” that Mr. Eccleston would serve the sentence in federal custody. Aplee. Supp-App. at 71. The district court denied the motion as time-barred, and he did not attempt to appeal.
On March 5, 2004, Mr. Eccleston filed a second § 2255 motion. The district court *1252 transferred the motion to this court as a motion for authorization to file a second- or-suceessive § 2255 motion. See 28 U.S.C. §§ 1631 (authority to transfer), 2255 (requiring court of appeals order authorizing second-or-successive motion). On October 17, 2005, we vacated the transfer order and remanded to the district court with instructions to treat the motion as an application for habeas relief under 28 U.S.C. § 2241. The following month counsel entered an appearance for Mr. Eccleston in district court and contended that he should be committed to a federal rather than a state institution and that his prior service in a state institution should be credited to his federal sentence.
Meanwhile, Mr. Eccleston had initiated communications with the BOP regarding his sentences. On September 21, 2003, he wrote the BOP, asking whether his federal sentence was being served concurrently with his state sentence. He then contacted the BOP’s South Central Regional Office, which informed him on May 13, 2004, that he was not in the custody of the BOP, that he had not provided a copy of the federal judgment and commitment order necessary to determine the status of his federal sentence, and that the BOP lacked authority to order a state to transfer an inmate into federal custody.
Also, the state district attorney, in response to a state-court habeas proceeding brought by Mr. Eccleston, sought to resolve Mr. Eccleston’s concurrent-sentence claim by means of BOP Program Statement 5160.05 (the BOP Statement), which establishes procedures for a state to request the BOP to designate a state institution as the place to serve a federal sentence concurrently with a state sentence.[1] The district attorney asked the United States Attorney to consent to a request by the district attorney and Mr. Eccleston’s state counsel for the BOP to designate the New Mexico Department of Corrections for the concurrent service of Mr. Eccleston’s state and federal sentences and to give him retroactive credit on his federal sentence for time served in state custody since the imposition of his federal sentence. The U.S. Attorney’s Office drafted letters to the court and the BOP consenting to the request, although the draft letter to the court stated that Mr. Eccleston would terminate his state and federal habeas proceedings if the BOP granted the request. In response, Mr. Eccleston’s counsel said that Mr. Eccleston preferred to seek judicial relief first.
The district court issued an order on April 3, 2007, dismissing as untimely Mr. Eccleston’s request to be placed in BOP custody. See Dulworth v. Evans, 442 F.3d *1253 1265, 1267-68 (10th Cir.2006) (28 U.S.C. § 2244(d)(l)’s one-year limitation period applies to § 2241 applications challenging administrative decisions). The court then conducted a hearing on April 23 on the concurrent-sentence issue. At the hearing Mr. Eccleston’s counsel indicated that he was prepared to execute the proposed agreement if the agreement was without prejudice to his claim that he should serve his sentences in a federal facility. He explained:
The only reason we haven’t [executed an agreement under the BOP procedure] before this was the understanding between [the Assistant U.S. Attorney] and myself that, if Mr. Eccleston pursued this remedy of simply concurrent sentences, he would not be entitled to pursue the other remedy which he believed was promised to him both in the state and federal proceedings, namely, that the federal judge would designate the [BOP] for service of sentence, and would designate a particular BOP facility for the service of both the state and federal sentence.
Aplee. Supp.App. at 125-26. After the hearing the court denied without prejudice the concurrent-sentence claim, concluding that Mr. Eccleston had not exhausted his available administrative remedies with the BOP.
II. DISCUSSION
To determine what is before us, we must start with our prior decision in this case. Mr. Eccleston initially filed a pleading captioned as “Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.” Id. at 64. The district court treated it as a second-or-successive § 2255 motion and transferred it to this court to determine whether to authorize the district court to consider the motion. We vacated the transfer and instructed the district court to consider it as an application under § 2241.
Our prior decision implicitly resolved two matters central to this case. First, we have jurisdiction. Although the presence of jurisdiction is not clear from the record now before us, that question is answered by the law of this case. Second, because we decided that Mr. Eccleston was proceeding under § 2241 rather than § 2255, the sole substantive issue before us is whether his federal sentence has been properly executed, which is the province of § 2241 proceedings. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir.2005). A challenge to the propriety of the federal conviction or sentence itself — such as whether Mr. Eccleston was misled when he pleaded guilty or whether the sentence violated the plea bargain — must proceed under § 2255, not § 2241, see McIntosh v. U.S. Parole Comm’n, 115 F.3d 809, 811-12 (10th Cir.1997), and could have been brought promptly after sentencing.
Turning, then, to Mr. Eccleston’s § 2241 claim, we review legal issues de novo, see Weekes v. Fleming, 301 F.3d 1175, 1176-77 (10th Cir.2002), and factual findings for clear error, see Martinez v. Flowers, 164 F.3d 1257, 1258 (10th Cir. 1998). The district court dismissed the application for failure to exhaust administrative remedies. But a court may deny an application on the merits without reviewing the exhaustion question. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir.2000). That is how we proceed here.
We hold that Mr. Eccleston’s § 2241 application fails to raise any viable claim. Mr. Eccleston asserts that he is entitled to serve his sentence in the custody of the BOP and that his federal and state sentences must be served concurrently. Yet nothing in his federal sentence *1254 suggests that it is to be served before or concurrently with any state sentence or that he is to serve his sentences in federal custody. Although Mr. Eccleston’s state sentence provides for concurrent service of the federal and state sentences, the state court’s decision cannot alter the federal-court sentence. As we stated in Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir.1991), the determination of whether a defendant’s “federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.”
We also reject Mr. Eccleston’s contention that 18 U.S.C. § 3584(a) requires concurrent service of his federal and state sentences. Section 3584(a) states:
If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently,
(emphasis added). Even if we construe this provision as applying when one of the sentences was imposed by a state court, hut see Abdul-Malik v. Hawk-Sawyer, 403 F.3d 72, 75 (2d Cir.2005) (§ 3584(a) does not apply when state sentence imposed after imposition of federal sentence), the presumption of concurrent sentences affects only sentences “imposed at the same time,” which was not the case with respect to Mr. Eccleston’s federal and state sentences. Because Mr. Eccleston’s federal sentence does not “affirmatively order” concurrent service of his federal and state sentences, it has not been executed unlawfully.
The dissent suggests that we should have allowed Mr. Eccleston to pursue administrative relief before ruling, because our determination of the merits of Mr. Eccleston’s claim will prejudice his pursuit of relief under the BOP Statement. We see no legitimate ground for concern. The relevant “Program Objective! ]” of the BOP Statement is that “[sjtate institutions will be designated for concurrent service of a federal sentence when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.” BOP Statement at ¶ 3(a). Our decision today does not preclude relief on that basis. All we decide today is that the imposition of consecutive sentences does not violate Mr. Eccleston’s federal sentence. We do not hold that consecutive sentences were required, and we have no occasion to decide whether concurrent sentences are consistent with the federal sentence. Moreover, even if the BOP would be less inclined to grant relief because we have ruled that there has been no violation of Mr. Eccleston’s federal sentence, we do not think that Mr. Eccleston has a legitimate interest in our refraining from that ruling on the chance that the BOP would view the law differently, and, in our view, incorrectly. As we stated in Montez in explaining why we were proceeding to resolve the merits rather than abating the appeal to permit exhaustion of state remedies, Mr. Eccleston’s § 2241 application raises “no credible federal ... claim.” 208 F.3d at 866. Finally, we note that because we address Mr. Eccleston’s claim on the merits, we have no need to address whether a prisoner making such a claim must *1255 exhaust remedies under the BOP Statement before obtaining relief under § 2241.
III. CONCLUSION
We VACATE the district court’s dismissal without prejudice and REMAND with instructions to dismiss Mr. Eccleston’s § 2241 application with prejudice. Our decision, however, is without prejudice to Mr. Eccleston’s seeking discretionary relief under BOP Program Statement 5160.05.

. BOP Program Statement 5160.05(9)(b)(5) states:
State Request. Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.
(a) The [Regional Inmate Systems Administrator] will gather and review all information pertaining to the federal and state sentences. After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney....
(b) If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.
Note: The Bureau will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service.
Aplee._Supp.App. at 94.