**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

EARNEST WILSON,

        Petitioner-Appellant,

v.

DUKE TERRELL, Warden

        Respondent-Appellee.

No. 08-3136
(D.C. No. 5:07-CV-03197-RDR)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McCONNELL,** and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

34.1(G). The case is therefore ordered submitted without oral argument.

The petitioner appeals the dismissal by the United States District

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Court for the District of Kansas of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. We affirm.

The petitioner challenged a criminal judgment entered by the United States District Court for the Northern District of Illinois. He alleged that he is being illegally held because the sentencing court had no right to resentence him without another plea or a trial, that the trial court lacked subject matter jurisdiction, and that he was denied effective assistance of counsel. He also challenged the dismissal of a 28 U.S.C. § 2255 motion he filed on the ground that it was a second/successive motion.

Normally, "'[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A [section 2255 motion] attacks the legality of detention, and must be filed in the district that imposed the sentence.'" *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.2000) (quoting *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996)). *See also United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008) ("A challenge to the propriety of the federal conviction itself … must proceed under § 2255, not § 2241.") (citation omitted). Section 2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." *Bradshaw*, 86 F.3d at 166. Only if the petitioner shows that § 2255 is "inadequate or ineffective" to challenge the validity of a judgment or sentence may a prisoner petition for

2

such a remedy under 28 U.S.C. § 2241. *Id*.

The petitioner has not established the inadequacy or ineffectiveness of 28 U.S.C. § 2255.  The mere fact that he was denied relief under § 2255 does not render it inadequate or ineffective.  *Id*.  "Failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Id*. (quotation omitted).

Accordingly, the district court judgment is **AFFIRMED**.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM

3