**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JERRY L. THOMAS,

        Petitioner–Appellee,

v.

DAVID PARKER, Warden,

        Respondent–Appellant.

No. 09-6096
(D.C. No. 5:08-CV-01321-W)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

---

Warden David Parker appeals the district court's grant of prisoner Jerry L. Thomas' 28 U.S.C. § 2241 habeas petition. For substantially the same reasons stated by the district court, we affirm.

Thomas was the subject of a prison disciplinary proceeding while incarcerated at the James Crabtree Correctional Center. He was found guilty of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of contraband—a prayer cap—which resulted in the revocation of thirty earned credits. Thomas appealed the decision through the proper administrative channels and through the state court system to no avail.

Thomas then filed a § 2241 petition in federal court. A magistrate judge recommended that relief be granted on Thomas' claim that he was charged with possession of contraband in retaliation for exercising his First Amendment right to file a grievance. The district court adopted the magistrate judge's report and recommendation, and granted Thomas' petition. This appeal followed.

**I**

In an appeal of a district court's grant of a § 2241 petition, we review legal issues de novo and factual findings for clear error. See United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir.), cert. denied 129 S. Ct. 430 (2008).

According to Thomas, he filed a grievance against mail room clerk Shannon Reed on April 20, 2007. Later that day, Warden Parker and Captain Jim Reed—a prison official and the husband of Shannon Reed—approached Thomas. They requested he withdraw the grievance. When Thomas refused, Warden Parker became angry and threatened to make it difficult for Thomas to exhaust administrative remedies. Warden Parker then pointed to Thomas' prayer cap and stated it was contraband. He ordered Captain Reed to file the above-noted disciplinary charge. Thomas had worn the prayer cap every day for the preceding year without incident.

Neither Warden Parker nor Captain Reed submitted a statement controverting Thomas' version of events; instead Warden Parker submitted an affidavit from the prison grievance manager stating that "the standard practice is the warden would not have seen the grievance." We agree with the magistrate judge and the district court that this affidavit does not contradict Thomas' account of the April 20, 2007 encounter, and that his account was sufficient to show retaliation. See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

On appeal, Warden Parker contends the district court erred by failing to take judicial notice of affidavits filed in another case. These affidavits were first brought to the court's attention in Warden Parker's objection to the magistrate judge's report and recommendation. The district court noted that Warden Parker had provided no valid excuse for the dilatory submission and ruled the affidavits would not be considered. We discern no abuse of discretion in the court's ruling. See O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1224 (10th Cir. 2007).

**II**

**AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge