FILED
United States Court of Appeals
Tenth Circuit

**July 28, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY LEWIS DEDRICK,

      Petitioner - Appellant,

v.

CHARLES DANIELS, Warden,

      Respondent - Appellee.

No. 10-1183

(D.C. No. 1:10-CV-00517-ZLW)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Jerry Lewis Dedrick, a federal prisoner appearing pro se, appeals the

district court's dismissal of his application for relief under 28 U.S.C. § 2241. We

agree with the district court's decision that Mr. Dedrick has failed to assert a

denial of his due-process rights. Accordingly, we affirm.

On April 21, 2009, Mr. Dedrick was involved in a fight with another

prisoner at the Federal Correctional Institution (Medium) in Beaumont, Texas.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The incident was investigated, and on April 23 Mr. Dedrick was provided with a copy of an incident report prepared by Bureau of Prisons (BOP) staff informing him that he was being charged with fighting. On April 27 the Unit Disciplinary Committee (apparently after a meeting) referred the matter to the Disciplinary Hearing Officer, who conducted a hearing on May 20. Mr. Dedrick was sanctioned by the loss of 27 days of good-conduct time, 100 days' confinement in the special housing unit, and transfer to USP-Florence.

After exhausting his administrative remedies, Mr. Dedrick filed his application under § 2241 in the United States District Court for the District of Colorado on March 5, 2010. He contended that his due-process rights were violated (1) because he did not receive written notice of the disciplinary process against him within 24 hours of the incident, as required by *Wolff v. McDonnell*, 418 U.S. 539 (1974), and prison rules; (2) because he did not receive a hearing within 72 hours; and (3) because prison officials sabotaged his administrative remedies. The district court dismissed the action.

On appeal Mr. Dedrick claims only that his due-process rights under *Wolff* and prison rules were violated because he was not given notice of the proceedings against him within 24 hours of the incident. Because there are no material factual disputes, we review his claim de novo. *See United States. v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

Mr. Dedrick's *Wolff* argument fails because he misreads that opinion. *Wolff* requires that the accused in a prison-disciplinary action be given written notice of the charges no less than 24 hours before a hearing on those charges. It sets no time limit for providing notice of charges after an incident.

Mr. Dedrick's argument based on prison rules also fails. To begin with, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993). Moreover, Mr. Dedrick has not established a violation of prison rules. He relies on two rules. First, a BOP regulation states: "Staff shall give each inmate charged with violating a Bureau rule a written copy of the charge(s) against the inmate, *ordinarily* within 24 hours of the time staff became aware of the inmate's involvement in the incident." 28 C.F.R. § 541.15(a) (emphasis added). Second, BOP internal rules state: "The investigating officer is *ordinarily* appointed within 24 hours of the time the violation is reported. It is *suggested* that the investigation be initiated and *ordinarily* completed within 24 hrs. of this appointment." BOP Program Statement 5270.07, Ch. 5 § 1(b) (emphasis added). The language employed in these rules makes clear that the time frames are aspirational, not mandatory. And Mr. Dedrick makes no showing, or even a claim, that he was prejudiced by the slight delay beyond the optimal timing. Accordingly, this argument has no merit.

We AFFIRM the judgment of the district court.  We GRANT Mr. Dedrick's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge