**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 12, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EUGENE H. MATHISON,

        Petitioner-Appellant,

v.

BLAKE R. DAVIS, Warden.

        Respondent-Appellee.

No. 10-1208
(D.C. No. 1:09-CV-02549-WYD)
(D. of Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Eugene Mathison, a pro se litigant,[1] appeals the denial of his application for

a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the Bureau

of Prisons' (BOP) determination that he is ineligible to participate in the Elderly

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Mathison is proceeding pro se, we construe his filings liberally. *See Van Deelan v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Offender Home Detention Pilot Program under the Second Chance Act (SCA). Having jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we AFFIRM.

## I. Background

In 1997, Mathison was sentenced to 246 months in prison for conspiracy, mail fraud, wire fraud, and money laundering. In 2009, Mathison sought admission to the Elderly Offender Home Detention Pilot Program created by the SCA.

The SCA authorizes the Attorney General and the BOP to conduct a pilot program "to remov[e] eligible elderly offenders from a Bureau of Prisons facility and plac[e] such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 42 U.S.C. § 17541(g)(1)(A). In pertinent part the statute provides that an eligible offender is "an offender not less than 65 years of age" who "has served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C. § 17541(g)(5)(A)(ii). The BOP interprets the phrase "term of imprisonment to which the offender was sentenced" to mean "the term of imprisonment imposed by the sentencing court(s), whether stated in days, months, or years." BOP Operations Memorandum 003-2009 (5392) (Feb. 5, 2009).

The BOP denied Mathison's application for admission to the Pilot Program after determining that Mathison had not yet served 75% of the 246 months to which he was sentenced by the district court. Mathison contends the BOP has

misinterpreted the SCA, and that the phrase "term of imprisonment" refers to the net term served after deducting good time credits awarded for good behavior. Under Mathison's calculation, he would have been eligible for participation in the Pilot Program on February 23, 2010.

Mathison disputed the BOP's interpretation of the SCA in a habeas application to the district court, claiming the statutory language regarding eligibility is ambiguous. He further argued the rule of lenity, the Supreme Court's interpretation of similar statutes, and statutory history suggest the language should be read in his favor. The district court denied his application. In his appeal before this court Mathison reasserts his claims and submits a renewed application to proceed *in forma pauperis*.

## II.  Analysis

In a § 2241 habeas proceeding, this court reviews legal questions de novo. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008).

Because this case turns on the BOP's construction of a statute, our analysis is guided by *Chevron U.S.A. v. Natural Res. Def. Council*, 467 U.S. 837 (1984). *Wright v. Fed. Bureau of Prisons*, 451 F.3d 1231, 1233 (10th Cir. 2006). Under *Chevron*, we must first determine "whether Congress has directly spoken to the precise question at issue." 467 U.S. at 842. "If congressional intent is clear from the statutory language, the inquiry is over, and both the court and the agency 'must give effect to the unambiguously expressed intent of Congress.'" *Lee v.*

*Mukasey*, 527 F.3d 1103, 1106 (10th Cir. 2008) (quoting *Chevron*, 467 U.S. at 842–43).  If, however, the statutory language is ambiguous, we will consider the agency's interpretation.  Where, as here, the agency did not interpret the statute pursuant to a formal rulemaking or adjudicative process, we will defer to the agency's view if it is "well-reasoned and has power to persuade."  *Fristoe v. Thompson*, 144 F.3d 627, 631 (10th Cir. 1998) (internal quotations omitted).

Since the district court issued its opinion, we have held that the plain language of the phrase "term of imprisonment to which the offender was sentenced" in § 17541 unambiguously refers to the term imposed by the sentencing court, without consideration of later diminution by good time credit. *Izzo v. Wiley*, No. 10-1195, 2010 WL 3758717, at *2 (10th Cir. Sept. 28, 2010) ("With th[e] modification clause, the "term of imprisonment" unmistakably refers to the term imposed by the sentencing court.")  Because the statutory language is clear, we need not proceed to the second prong of the *Chevron* analysis.

### III.  Conclusion

Accordingly, we AFFIRM the district court's denial of the habeas application.  We also GRANT  Mathison's application to proceed *in forma pauperis*.

ENTERED FOR THE COURT,

Timothy M. Tymkovich
Circuit Judge

-4-