FILED
United States Court of Appeals
Tenth Circuit

December 22, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD HENRY COLEMAN,

        Petitioner - Appellant,

    v.

C. DANIELS,

        Respondent - Appellee.

No. 10-1393

(D. Colorado)

(D.C. No. 1:10-CV-01216-ZLW)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

## I.    INTRODUCTION

Edward Henry Coleman, a federal inmate proceeding pro se, appeals from

the denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241.

The district court denied Mr. Coleman's application after concluding that he was

attacking his conviction and sentence rather than seeking to challenge the

execution of his sentence. *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

1965) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255."). We read his application differently and believe that it challenges the execution of his sentence. But on the merits we hold that his argument is baseless and affirm the dismissal of his application.

## II.    BACKGROUND

On November 10, 2005, Mr. Coleman pleaded guilty in the United States District Court for the Central District of California to conspiracy to interfere with commerce by robbery, *see* 18 U.S.C. § 1951(a), armed bank robbery, *see id.* § 2113(a), interference with commerce by robbery, *see id.* § 1951(a), and using, carrying and brandishing a firearm during a crime of violence, *see id.* § 924(c)(1)(A)(ii). He was sentenced on April 6, 2006, to 312 months' imprisonment and is currently incarcerated at the United States Penitentiary in Florence, Colorado. In 2007 Mr. Coleman filed a motion under 28 U.S.C. § 2255 challenging his conviction in federal district court in California. The court denied his § 2255 motion, and the Ninth Circuit Court of Appeals affirmed.

In May 2010 Mr. Coleman filed his present application under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, the district where he is incarcerated. He contended that he had "settled" all his "debts/obligations" by tendering a promissory note "in the sum certain amount of Two Hundred Fifty Million U.S. Dollars," R. at 5, to Magistrate Judge Robert N.

-2-

Block, who then allegedly tendered payment to the Secretary of the Treasury. As a result, Mr. Coleman requests his immediate release from prison.

The district court interpreted Mr. Coleman's § 2241 application as "attempting to overturn his conviction and obtain his immediate release from incarceration," and as not challenging the execution of his sentence. *Id.* at 60. Accordingly, it denied the motion. Mr. Coleman filed a timely appeal.

## III. DISCUSSION

"Section 2241 authorizes federal district courts to grant writs of habeas corpus." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). The province of § 2241 proceedings is to determine whether a federal sentence has been properly executed. *See United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). A challenge to the propriety of the federal conviction or sentence itself must proceed under § 2255, not § 2241. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997).

In our view, Mr. Coleman's § 2241 application does not attack the validity of his conviction and sentence. As we understand the pleading, he claims to argue that he has paid his debt to society and made the United States whole by tendering to the government a promissory note for $250 million dollars. This, he contends, constitutes satisfaction of his sentence and compels the government to release him from prison. Thus construed, Mr. Coleman's claim is appropriately raised in a § 2241 action. We therefore turn to the substance of his claim.

The substance need not detain us long. Mr. Coleman's claim is without merit. The California district court sentenced him to 312 months' imprisonment. His sentence was not conditioned on the payment of money, and his alleged payment of $250 million does not substitute for the only thing that will fulfill his sentence—a lengthy period in prison.

## IV.    CONCLUSION

We DENY Mr. Coleman's appeal and DENY his motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge
