FILED
United States Court of Appeals
Tenth Circuit

January 7, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

LEO D. GRAHAM,

       Petitioner - Appellant,

v.

JULIE WANDS,

       Respondent - Appellee.

No. 10-1412
(D.C. No. 1:10-CV-01369-ZLW)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Leo Graham, a federal inmate appearing pro se, appeals from the denial of his habeas corpus application pursuant to 28 U.S.C. § 2241 and dismissal of the action. On appeal, he argues that the district court should have entertained the action and considered his Interstate Agreement on Detainers Act ("IADA") claim. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Graham was convicted of bank robbery in the District of Kansas and was sentenced to 188 months imprisonment and 3 years of supervised release. He did not file a direct appeal, but he filed a § 2255 motion, which the district court denied. United States v. Graham, 2004 WL 784919 (D. Kan. Apr. 9, 2004). We reversed and remanded for consideration of Mr. Graham's ineffective assistance of counsel claim. United States v. Graham, 179 F. App'x 528 (10th Cir. 2006). After an evidentiary hearing, the district court again denied the § 2255 motion for lack of a showing of prejudice. We affirmed. United States v. Graham, 312 F. App'x 79 (10th Cir. 2008).

In this § 2241 application Mr. Graham contends that rejection of his prior § 2255 motions by the District of Kansas and the Tenth Circuit violated his rights to equal protection and due process by denying him full and fair review. 1R at 114. The district court denied his § 2241 application on the grounds that he did not challenge the execution of his sentence and that, even construing his claim liberally as a challenge to his conviction, Mr. Graham had failed to demonstrate that the remedy available to him in the sentencing court pursuant to § 2255 was inadequate or ineffective. 1 R. at 171-72. Mr. Graham unsuccessfully sought reconsideration. 1 R. at 185.

We review the legal determinations of the district court de novo and any factual findings for clear error. United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). A habeas application pursuant to § 2241 generally challenges

the execution of a prisoner's sentence as opposed to its validity. Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000). Mr. Graham's claims do not challenge the execution of his sentence. In his motion to reconsider and on appeal, Mr. Graham apparently argues that the remedy available pursuant to § 2255 in the sentencing court is inadequate and ineffective because it does not permit him to prevail on his IADA claim. Aplt. Br. at 2; Aplt App. at 176. Neither our rejection of his claim previously nor the inability to bring a related claim renders the remedy afforded by § 2255 ineffective. See Sines v. Wilner, 609 F.3d 1070, 1073-74 (10th Cir. 2010); Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996).

AFFIRMED. We DENY Mr. Graham's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge