**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL ANTHONY CASTRO,

Petitioner-Appellant,

v.

BLAKE DAVIS, Warden, ADX-
Florence,

Respondent-Appellee.

No. 11-1112

(D.C. No. 1:10-cv-02624-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE,** Chief Judge, **MURPHY** and **MATHESON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is,

therefore, submitted without oral argument.

Michael A. Castro, a federal prisoner proceeding pro se, appeals the denial

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. His § 2241 petition challenged the refusal of the Bureau of Prisons (BOP) to credit his sentence in case number 1:06-CR-00013 for the days he spent in custody prior to the imposition of his sentence. The district court denied his habeas petition, concluding that the days in question were credited toward another federal sentence Castro was serving and that Castro was not entitled to credit for time that had already been applied to another sentence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. FACTS

Castro is a federal prisoner incarcerated at the United States Penitentiary-Administrative Maximum in Florence, Colorado (ADX-Florence). BOP provided the following incarceration history for Castro. On November 3, 1992, Castro was arrested by Texas state authorities on the charge of felon in possession of a weapon. Aple. Br. at 1–2. Although this state charge was dismissed on February 12, 1993, Castro remained in state custody for a parole violation. Id. at 2.

On May 4, 1993, based on a federal firearm charge brought against Castro in the United States District Court for the Western District of Texas in case number 5:93-CR-00020, Castro was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. Id. On August 5, 1993, Castro pleaded guilty in case number 5:93-CR-00020 to the charge of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). ROA at 32. On October 6, 1993,

2

he was adjudged guilty of this charge and was sentenced to one hundred and eighty months' incarceration.  Id. at 32–33.

According to BOP records, Castro's one hundred and eighty month sentence in case number 5:93-CR-00020 commenced on October 19, 1995, the date of his mandatory release from the custody of the Texas Department of Criminal Justice.  Id. at 57, 59.  BOP records also document that Castro received credit for the time he served from November 3, 1992, through October 18, 1993, toward his sentence in case number 5:93-CR-00020.  Id. at 57.  When applying his projected good conduct time credits, BOP calculated Castro's estimated release date for this sentence as April 5, 2009.  Id.  Castro began serving this sentence at the Federal Correctional Complex in Beaumont, Texas (FCC-Beaumont).  Aple. Br. at 2.  He was subsequently transferred to the United States Penitentiary in Marion, Illinois (USP-Marion).  ROA at 23.

On January 18, 2006, while incarcerated at USP-Marion, Castro was indicted in the United States District Court for the Eastern District of Texas in case number 1:06-CR-00013 for offenses that occurred during his incarceration at FCC-Beaumont.  Id. at 23, 37–39.  Pursuant to a writ of habeas corpus ad prosequendum, Castro was transferred to a correctional facility in the Eastern District of Texas on February 21, 2006.  Id. at 23, 28.  On August 1, 2007, after pleading guilty, Castro was adjudged guilty in case number 1:06-CR-00013 of assault with a dangerous weapon with intent to do bodily harm, in violation of 18

3

U.S.C. § 113(a)(3), and threatening to assault a corrections officer, in violation of 18 U.S.C. § 115. Id. at 48. Castro was sentenced to seventy-eight months' incarceration, which was to run consecutive to Castro's imprisonment in case number 5:93-CR-00020. Id. at 49–50. Castro did not directly appeal this conviction or sentence. He was transferred to ADX-Florence on September 6, 2007, to complete the remainder of his one hundred and eighty month sentence and to then serve his seventy-eight month sentence. Id. at 23–24, 29.

On October 2, 2009, Castro filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Texas, asserting that the sentencing court in case number 1:06-CR-00013 failed to credit his seventy-eight month sentence for the 541 days he spent in pre-trial detention from February 26, 2006, through August 1, 2007, and requesting that the district court vacate his sentence. See Castro v. United States, No. 1:09-CV-00884 (E.D. Tex. Dec. 23, 2009). The district court dismissed Castro's § 2255 motion as time barred. Id. (adopting the magistrate judge's report and recommendation documented at ROA at 8–12). However, the decision left open the possibility that Castro could seek relief for erroneously calculated credits pursuant to 28 U.S.C. § 2241 in the district where he was incarcerated. Id. (adopting the magistrate judge's report and recommendation documented at ROA at 10–11).

On October 27, 2010, Castro filed a habeas petition under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. ROA at 3–7. In

4

the petition, Castro reasserted his argument that BOP failed to credit his seventy-eight month sentence in case number 1:06-CR-00013 for the 541 days he spent in custody before his sentence was imposed – from February 26, 2006, to August 1, 2007.  Id. at 5.  In response to an order to show cause why Castro's § 2241 petition should not be granted, the respondent[1] asserted that the "petition should be denied because [Castro] received credit for the 541 days on a prior sentence."  Id. at 22.  The respondent explained that "[t]he time [Castro] is requesting credit for, had already been credited to his . . . federal sentence" in case number 5:93-CR-00020.  Id. at 25.

On February 23, 2011, the district court issued an order denying Castro's § 2241 petition.  Id. at 78.  The district court explained that, "[p]ursuant to 18 U.S.C. § 3585(b), '[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence*.'"  Id. at 77 (second alteration, ellipses and italics in original).  The district court found that Castro "was credited the 541 days he requests for pre-trial detention in his 180 month October 1993 sentence."  Id. at 77 & n.20.  Thus, the district court reasoned, Castro "is not eligible to have this time credited to the [1:]06-[CR]-00013 sentence since this time was already 'credited against another

---

[1] The respondent in this action is Blake Davis, the warden of ADX-Florence.

5

sentence.'" <u>Id.</u> at 77. The district court entered final judgment on February 24, 2011, denying his petition and dismissing the matter with prejudice. <u>Id.</u> at 79.

Castro filed a notice of appeal from the district court's decision. <u>Id.</u> at 80. He also filed a motion for leave to proceed in forma pauperis (IFP) on appeal. Pursuant to 28 U.S.C. § 1915(a)(3), the district court denied Castro's request for leave to proceed IFP on appeal, "find[ing] that this appeal is not taken in good faith because [Castro] has not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal." <u>Id.</u> at 83. Castro renews his motion for leave to proceed IFP.

## II. ANALYSIS

In reviewing a district court's denial of a § 2241 petition, "we review legal issues de novo, and factual findings for clear error." <u>United States v. Eccleston</u>, 521 F.3d 1249, 1253 (10th Cir. 2008) (citation omitted). Because Castro is proceeding pro se, we construe his pleadings liberally. <u>See</u> <u>Ledbetter v. City of Topeka</u>, 318 F.3d 1183, 1187 (10th Cir. 2003).

On appeal, Castro challenges the district court's factual finding that the 541 days in question were credited toward his one hundred and eighty month sentence in case number 5:93-CR-00020. He contends that, in making this finding, "the [district] court did not review all documents." Aplt. Br. at 4. He reasons that, "if the 541 days had been applied to [the one hundred and eighty month sentence,] [he] would have started [his] current sentence 541 days earlier." <u>Id.</u> at 2. We

6

conclude that the district court did not err in denying Castro's habeas petition.

The district court's factual finding that the 541 days in question were credited toward Castro's one hundred and eighty month sentence in case number 5:93-CR-00020 was not clearly erroneous. First, the record establishes that, when Castro was sentenced in case number 1:06-CR-00013 on August 1, 2007, he had time remaining on his sentence in case number 5:93-CR-00020. According to BOP records, the estimated release date for Castro's one hundred and eighty month sentence in case number 5:93-CR-00020 was April 5, 2009. ROA at 57. Further, the judgment entered in case number 1:06-CR-00013 specified that his seventy-eight month sentence was to run consecutive to Castro's imprisonment in case number 5:93-CR-00020, id. at 50, implying that Castro had time remaining on his one hundred and eighty month sentence when his seventy-eight month sentence was imposed. A BOP official also attested that, after Castro's sentence in case number 1:06-CR-00013 was imposed, Castro was transferred to ADX-Florence to complete the remainder of his one hundred and eighty month sentence and to then serve his seventy-eight month sentence. Id. at 29.

In fact, when asserting his grievance to BOP regarding the 541 days in question, Castro explained that he was serving his sentence in case number 5:93-CR-00020 at the time he was transferred to the Eastern District of Texas pursuant to a writ of habeas corpus ad prosequendum in case number 1:06-CR-00013. Id. at 13 (contending that, "even though I was doing one sentence, I was taken out on

7

[]writ for case number [1:06-CR-00013]" (emphasis omitted)).  He also noted that his sentence in case number 1:06-CR-00013 "would commence on April 5th 2009, at conclusion of base sentence."  Id. (emphasis omitted).

Second, the record indicates that Castro was in federal custody serving his sentence in case number 5:93-CR-00020 during the 541 days in question and that these days were applied toward his one hundred and eighty month sentence.  Specifically, the estimated release date of April 5, 2009, in case number 5:93-CR-00020 incorporated Castro's time in custody from February 26, 2006, through August 1, 2007.  According to a declaration of a BOP official, the estimated release date was calculated using: (1) a term of incarceration of one hundred and eighty months commencing on October 19, 1995; (2) credit for the time period from November 3, 1992, through October 18, 1993; and (3) projected good conduct time credits.  Id. at 29.  As this calculation was based on Castro's continuous incarceration after October 19, 1995, the estimated release date accounted for his custody during the days in question.  Further, BOP records document that, on April 5, 2009, Castro completed his one hundred and eighty month sentence in case number 5:93-CR-00020 and began serving his seventy-eight month sentence in case number 1:06-CR-00013.  Id. at 62.  Thus, the district court's finding that the 541 days were applied to his one hundred and eighty

8

month sentence was not clearly erroneous.[2]

Because the 541 days in question were applied to Castro's sentence in case number 5:93-CR-00020, the district court properly concluded that this time could not also be credited against his sentence in case number 1:06-CR-00013. The plain language of 18 U.S.C. § 3585(b), the statute governing when a defendant is given credit toward a federal sentence for time that he was incarcerated before the imposition of his sentence, compels this result. This provision provides,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offenses for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added). Further, in United States v. Wilson, 503 U.S. 329, 337 (2008), the Supreme Court explained that "Congress made clear [in

---

[2] When challenging the district court's factual finding on appeal, Castro asserts, and provides supporting documentation for his contention, that he had a sentence from "Texas [state] court [that] ran concurrently with [his] fed[eral]" sentence in case number 5:93-CR-00020. Aplt. Br. at 4. Because this argument, along with the supporting documentation, was not presented to the district court, we will not consider it on appeal. See Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 814 n.22 (10th Cir. 1995). Nonetheless, even assuming that Castro had a state sentence that ran concurrently with his federal sentence, this fact appears to be irrelevant to the issue Castro raised in his § 2241 petition because Castro did not argue that he completed his sentence in case number 5:93-CR-00020 prior to his custody from February 26, 2006, through August 1, 2007.

enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." Thus, the district court properly denied Castro's habeas petition.

## III.  MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

We deny Castro's motion for leave to proceed IFP on appeal.  To proceed IFP on appeal, Castro "must show a financial inability to pay the required filing fees <u>and</u> the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  The district court denied Castro's motion for leave to proceed IFP on appeal because it found that his "appeal is not taken in good faith because [Castro] has not shown the existence of a reasoned, non-frivolous argument on the law and facts in support of the issues raised on appeal."  ROA at 83.  We agree with the district court that Castro failed to present a reasoned, nonfrivolous argument.

## IV.  CONCLUSION

We affirm the district court's decision denying Castro's § 2241 petition. Further, we deny Castro's motion for leave to proceed IFP on appeal.

Entered for the Court


Mary Beck Briscoe
Chief Judge

10