FILED
United States Court of Appeals
Tenth Circuit

May 22, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RODNEY TURNER,

       Petitioner-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; KANSAS PAROLE
BOARD; ATTORNEY GENERAL OF
KANSAS,

       Respondents-Appellees.

No. 12-3000
(D.C. No. 5:11-CV-03016-SAC)
(D. Kan.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE,** Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Rodney Turner, a Kansas state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2241 suit.

Turner argues that Kansas Statutes Annotated § 22-3717(f) would require early

termination of his sentence. Because Turner has not made a "substantial showing of the

denial of a constitutional right," we deny his COA request and dismiss this matter. See

28 U.S.C. § 2253(c)(2) (providing that a COA "may issue . . . only if the applicant has

_____

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

made a substantial showing of the denial of a constitutional right").

# I

Turner was convicted in a Kansas state court of aggravated robbery in 1991 and was sentenced to an indeterminate term of eight to twenty-five years. He was conditionally released on April 4, 2003, by the Kansas Parole Board (KPB), but was convicted of a new crime in Missouri state court in 2004. The KPB revoked his release as a result of the 2004 Missouri crime, then paroled him to detainer in Missouri to serve a sentence for that crime. Missouri released Turner in 2006, and the Kansas Department of Corrections (KDOC) entered into a supervision agreement with Missouri authorizing Missouri to supervise Turner, who remained in that state after his release. On January 30, 2007, Turner was again arrested in Missouri, this time for assault, and on April 25, 2007, the KDOC issued a warrant for his arrest based on the assault, an apparent violation of his conditions of release for his 1991 Kansas crime. After his arrest on February 17, 2009, the KPB determined that the assault did constitute a violation of the conditions of his parole, revoked his probation, and returned him to custody in Kansas to serve the remainder of the sentence for his 1991 crime.

He challenged his detention in state court on a petition for a writ of habeas corpus, arguing that Kan. Stat. Ann. § 22-3717(f)[1] effectively terminated the sentence from his

---

[1] This statute provides:
> If a person is sentenced to prison for a crime committed on or
> after July 1, 1993, while on probation, parole, conditional

(continued...)

2

1991 conviction when he was sentenced for his Missouri crime in 2004. After the district court rejected this argument, Turner appealed, arguing that the district court's decision constituted a change in state law that denied him his right to due process, and that the district court decision interpreted the law to treat inmates differently based on whether they committed their latest crimes in Kansas or in another locale, amounting to a violation of the Fourteenth Amendment's equal protection clause. The Kansas Court of Appeals affirmed the state court, and the Kansas Supreme Court denied Turner's petition for review. Turner v. Kan. Dep't of Corrs., No. 102,955, 2010 WL 3063172, at *3 (Kan. Ct.

---

[1](...continued)
release or in a community corrections program, for a crime committed prior to July 1, 1993, and the person is not eligible for retroactive application of the sentencing guidelines and amendments thereto pursuant to K.S.A. 21-4724, prior to its repeal, the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but shall begin when the person is ordered released by the Kansas parole board or reaches the maximum sentence expiration date on the old sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law. The period of postrelease supervision shall be based on the new sentence, except that those offenders whose old sentence is a term of imprisonment for life, imposed pursuant to K.S.A. 21-4628, prior to its repeal, or an indeterminate sentence with a maximum term of life imprisonment, for which there is no conditional release or maximum sentence expiration date, shall remain on postrelease supervision for life or until discharged from supervision by the Kansas parole board.

3

App. 2010) (unpublished), petition for review denied (Kan. Dec. 2, 2010).

On January 18, 2011, Turner filed a motion in the United States District Court for the District of Kansas under 28 U.S.C. § 2241, challenging the execution of his sentence. Turner's motion focused on two arguments. First, he argued that the Kansas Court of Appeals violated his due process rights by interpreting Kan. Stat. Ann. § 22-3717(f) contrary to its plain meaning. Second, he argued he was denied equal protection by the KPB's allegedly disparate treatment of his sentence as compared to the sentences of other offenders who committed crimes in the state of Kansas. The district court denied relief, and Turner sought a certificate of appealability in order to appeal to this court, reiterating his first two arguments and adding a third argument, that the district court improperly denied his discovery request. The district court denied Turner's request for a COA.

**II**

Turner must obtain a COA before he can appeal the denial of his § 2241 motion. See 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner first obtains a COA); Montez v. McKinna, 208 F.3d 862, 869 (10th Cir. 2000) (holding that the requirements of § 2253(c)(1)(A) apply when a state habeas petitioner is proceeding under § 2241). Turner will receive a COA "only if [he] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing requires "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a

4

different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In addressing a COA request under § 2241, we review legal issues de novo and the district court's factual findings for clear error. United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). Here, reasonable jurists could not debate whether the district court correctly resolved Turner's motion.

As the district court recognized, "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005). Thus, we are bound by the state court's interpretation of Kan. Stat. Ann. § 22-3717(f), and under the Kansas Court of Appeals' interpretation, the current provisions of that statute simply do not support Turner's argument. Turner, 2010 WL 3063172, at *3 ("This interpretation means the current provision of Kan. Stat. Ann. 22–3717(f) is irrelevant to the issue raised in Turner's appeal."). The Kansas Court of Appeals did not address Turner's argument that the law should treat in-state and out-of-state crimes in the same way, holding instead that the law only determined when a sentence for a new crime could begin.[2] Id. This

_____

[2] Turner appears to be basing his argument on an older version of the law, which did have the potential to terminate an older sentence early in light of a new conviction. As the Kansas Court of Appeals noted, however, that law was amended in 1994, and "[u]nlike the former provision, the current provision does not convert or otherwise modify the old indeterminate sentences of inmates who commit a new crime after July 1, 1993, while on probation, parole, or conditional release." Turner, 2010 WL 3063172, at *3.

5

interpretation contradicts Turner's argument that the law actually determined when the sentence from an older crime ended.

The state appellate court's interpretation also forecloses Turner's due process and equal protection arguments. Had Turner been convicted of a new crime in Kansas, he would begin serving the sentence for that new crime only after his parole or conditional release from incarceration on his 1991 conviction; even in that scenario, Kan. Stat. Ann. § 22-3717(f) would not shorten the duration of his old sentence. Thus he does not face a longer sentence because the state appellate court determined that Kan. Stat. Ann. § 22-3717(f) did not apply, and as a result, the state appellate court's ruling did not deny Turner due process. To the extent that his due process claim only asserts that the Kansas Court of Appeals interpreted the law incorrectly, his argument fails because we are bound by their interpretation. Further, under the Kansas Court of Appeals' decision, his geographic location when he committed his second crime has no effect on the duration of his sentence for the first crime, so his equal protection claim also fails.

Finally, the district court correctly rejected Tuner's discovery request.

> A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. . . . If a petitioner has shown good cause for discovery—that is, has set forth good reason to believe he may be able to demonstrate he is entitled to relief—the court may ensure adequate inquiry takes place.

Curtis v. Chester, 626 F.3d 540, 549 (10th Cir. 2010). Here, based on the state appellate court's decision, Turner has not set forth good reason to believe he may be able to

6

demonstrate he is entitled to relief, so the district court did not err in denying his discovery request.  Thus, Turner's final argument does not merit grant of a COA.

**III**

Accordingly, we DENY Turner's COA application and DISMISS this matter.


Entered for the Court


Mary Beck Briscoe
Chief Judge