**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 1, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIAM CLYDE PUMPHREY,

    Defendant - Appellant.

No. 15-4156
(D.C. Nos. 2:14-CV-00144-CW and
2:13-CR-00197-CW-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. William Pumphrey was convicted in the United States District Courts of both the District of New Mexico and the District of Utah. In the second conviction, the United States District Court of the District of Utah ran its sentence concurrently with the first sentence imposed by the District of New Mexico.

---

[*] We do not believe oral argument would be helpful. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

After unsuccessfully appealing both convictions, Mr. Pumphrey invoked 28 U.S.C. § 2255, alleging that

- the government had initiated the Utah prosecution vindictively and

- the sentence was improperly calculated.

The district court denied relief on both claims, and Mr. Pumphrey appeals the ruling on the second claim.

On this claim, the district court denied relief on the ground that the sentence has been correctly administered. We need not address this reasoning because the claim is not cognizable under § 2255. This statute is used to challenge the validity of a federal conviction or sentence. *United States v. Eccleston*, 521 F.3d 1249, 1253 (10th Cir. 2008). But Mr. Pumphrey is not challenging the validity of his conviction or sentence. Instead, his claim involves execution of the sentence, which must be brought under 28 U.S.C. § 2241. *Bradshaw v. Story*, 86 F.3d 164 (10th Cir. 1996); *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011). As a result, we affirm the denial of relief on this claim.

Entered for the Court


Robert E. Bacharach
Circuit Judge

2