**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARCUS ALEXANDER GARCIA,

    Defendant - Appellant.

No. 17-4027
(D.C. No. 2:13-CR-00180-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Marcus Garcia, appearing pro se, appeals a district court order denying his motion for pre-sentence confinement credit. We dismiss his appeal as untimely.

**I**

Pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, Garcia pled guilty to assault on a federal officer. Adopting the sentence proposed in the plea agreement, the district court sentenced Garcia to 87 months to run concurrent with any time Garcia was ordered to serve in custody for Utah offenses.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Garcia later filed a motion seeking credit for pre-sentence confinement, much of which was served in state custody. On January 9, 2017, the district court denied Garcia's motion, concluding the sentence imposed accurately reflected the parties' agreement. Garcia filed a notice of appeal with a declaration indicating it was mailed on February 9, 2017.

## II

A criminal defendant must file a notice of appeal within fourteen days of entry of the judgment or order being appealed. Fed. R. App. P. 4(b)(1)(A)(i). An order is considered entered when it is noted on the criminal docket in a publicly accessible manner. United States v. Mendoza, 698 F.3d 1303, 1308 (10th Cir. 2012). The order denying Garcia's motion was entered on January 9, 2017. His notice of appeal was filed 31 days later.[1] Rule 4(b)(1)(A)(i) is an "inflexible claim processing rule" that requires us to grant relief to a party that properly raises it. United States v. Garduño, 506 F. 3d 1287, 1291 (10th Cir. 2007) (quotation omitted). A challenge to the timeliness of a notice of appeal in a criminal case is proper even if raised for the first time in the government's answer brief, as it was here. Mendoza, 698 F.3d at 1308 n.1. Because Garcia's notice of appeal was untimely and the issue was properly raised by the government, we must dismiss.[2]

---

[1] Because Garcia's notice of appeal contained a proper declaration, it is treated as filed on the day it was mailed under the prison mailbox rule. See Price v. Philpot, 420 F.3d 1158, 1164 (10th Cir. 2005).

[2] We also note that credit for pre-sentence confinement is generally decided by the Bureau of Prisons ("BOP"), not the sentencing court. United States v. Wilson,

**III**

For the foregoing reasons, we **DISMISS** Garcia's appeal. His motion to proceed in forma pauperis is **GRANTED.**

Entered for the Court


Carlos F. Lucero
Circuit Judge

---

503 U.S. 329, 332 (1992).  BOP decisions on such credit may be challenged by way of a 28 U.S.C. § 2241 petition filed in the district of confinement.  See United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008).